In the Matter of the Claim of HERMAN BAIDA, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, imposing a disqualification for benefits for forty-two days commencing November 1, 1950. The commissioner contends that the disqualification should be made effective as of October 10, 1950. The difference between the commissioner and the Appeal Board grows out of the following facts: The claimant had been employed by a lithographing company as an offset stripper. The claimant had become dissatisfied with the job and, under date of October 8, 1950, he wrote to his employer giving him notice that he would leave on or before November 1st. Upon receipt of this notice on October 9th, the employer forthwith discharged the claimant. The claimant filed for unemployment insurance benefits on October 10, 1950. The commissioner contends that the disqualification for forty-two days provided in paragraph (c) of subdivision 1 of section 593 of the Labor Law should have been imposed upon the claimant as of October 10th, upon the ground that the claimant had voluntarily left his employment without good cause. On the other hand, the board found that except for the discharge by the employer, the claimant would have continued to work until November 1st, the effective day of his resignation, and therefore it imposed the statutory disqualification for voluntarily leaving employment as of that date. The practical effect of the board's decision is to relieve the claimant of any penalty since the claimant obtained a permanent job with another employer on October 23d. We believe that the board was plainly right. The statute does not impose a penalty of disqualification for provoking a discharge by giving notice of resignation. An employee is entitled to unemployment insurance benefits upon his discharge from employment, even though the discharge was for good cause or was otherwise provoked by the employee. The statutory penalty of disqualification is imposed only for voluntarily leaving the employment and, in this case, the voluntary quitting would have become effective on November 1st, if it had not been for the prior discharge by the employer. So far as the Unemployment Insurance Law (Labor Law, art. 18) is concerned, the claimant could have left the employer on November 1st, without notice. He should not be penalized for having given notice in advance of that date. Decision of the Unemployment Insurance Appeal Board is unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.