In the Matter of the Claim of ANGELO MALASPINA, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, April 1, 1955.

*Francis R. Curran* for appellant.

*J. Howard Rossbach* and *Ronald Kaiser* for respondent.

BERGAN, J. The Industrial Commissioner brings here for review a determination of the Unemployment Insurance Appeal Board which holds that claimant is entitled to unemployment benefits. The question is whether claimant was separated from his employment by his own choice. He is not entitled to benefits under the statute if he " leaves his employment voluntarily " and " without good cause " (Unemployment Insurance Law [Labor Law, art. 18], § 593, subd. 1, par. [c]).

The underlying question is whether a man who fails to keep up his union membership and for this reason alone loses his job in a union shop is deemed as a matter of law to have left his employment voluntarily and without good cause. We think that this situation would show a failure to meet a reasonable condition of the work. Since it would be an act inevitably terminating the employment, it would become also a voluntary withdrawal.

A theoretical argument is at hand that a failure to pay union dues is a matter of concern only between the worker and the union and the consequent pressure of the union on the employer to discharge the employee-member is not the " voluntary separation " by act of the employee, whatever else it may be.

But we cannot wall ourselves off from the realities of the present-day industrial scene to decide unemployment insurance cases as though we dealt in abstractions. We must look at the world around us the way it is. The labor union is a legitimate and quite universally utilized instrument by which labor and management live and work together. When there is an effective union agreement with the employer by which membership in good standing is a necessary ingredient to continued employment, a man who chooses not to have union membership necessarily chooses not to have work in that shop.

This is quite as " voluntary " an act as most choices between one course and another. One must foresee the clear sequential effects of one's choice. This choice amounts to an election by the employee not to meet a condition of the work. The refusal to pay a bus fare to get to work on time in the face of a foreseeable discharge; or to get tools, clothing or equipment where they were required as the employee's part of the arrangement; or to secure needed technical preparation to continue the work, where it was open to the employee to do any of these things or not, would be treated as " voluntary " separations if they had the result of ending the employment.

We are not dealing here with a case supposing a condition beyond the reasonable reach of the employee, or a case where, in controversy with a union, he could not continue or keep up his membership. We are dealing, merely, with the case before us where the claimant did not pay the union fees as required by union regulations and failed after a probation period in the work to obtain union membership required by the labor agreement with the employer. This, in our view, is such a voluntary separation from employment that the Industrial Commissioner was right in holding that claimant is not entitled to benefits under the statute.

The agreement effective between the union and the employer was that within sixty days after being hired an employee must join the International Association of Machinists. Claimant, who is an assembly hand, first was hired from April 30, 1953, to June 13, 1953, when he left the employment; and was rehired on October 7, 1953. The employers were dual, but their integration was such that the board treated them as a single employer and we treat them the same way. Failing to join the union, although arrangements had been made for installment payment of an initiation fee of $25, he was " removed at the request of the union " on November 4, 1953. He was given a " ten-day notice " by the union after the sixty-day period of total employment had expired which was in accordance with union practice. The shop steward testified: " If he does not join in the ten days he must go."

Claimant contends on this appeal that there were two separate employments, one in April and the other in October and that even if it might be held his separation at the instance of the union was not a voluntary separation still neither of the two periods separately considered amounted to a long enough probation period to total sixty days and to give a right under the labor agreement to require the termination of employment, and that therefore the demand of the shop steward and the acquiescence of the employer were a mistaken interpretation of the agreement.

But on this issue the referee and the Appeal Board found factually against the claimant to hold that the two periods are to be taken together as part of the " probationary period " under the union agreement and we would see no good ground to disturb this factual finding, even if claimant had appealed, which he has not done. The argument of claimant that he offered to pay the union his entrance fee and dues and was ready to do so must be treated in the same way.

The Appeal Board relied on *Matter of Baida* [*Corsi*] (282 App. Div. 975). But *Matter of Baida* turned upon very special facts. The employee there gave notice that he would leave the employment at a stated date in the future and on receipt of the notice, but before the date had arrived, claimant was discharged. We held that this discharge, effective as it was before the time of the announced resignation, was not a voluntary separation from employment and the words of the court's decision were carefully limited. A penalty of disqualification, it was there stated, does not occur " for provoking a discharge by giving notice of resignation ". Here we are dealing with a discharge

arising from the acts of the employee which left the employer no other choice than to separate him from employment. And the two situations in their consequences on the right to unemployment insurance benefits we treat as being different.

Administrative determinations in several States are called to our attention on both sides of this question and they appear to run both in support of the determination reviewed and against it. One which the New York Appeal Board decided in 1950 (No. 24,718-50) seems close in its facts to the case at hand. The employee there refused to join the union having a collective bargaining agreement with the employer, and while the board expressed the view that claimant " may have felt that she had good personal reasons for not wishing to join the union " still her " election not to do so " was a " voluntary leaving of employment ".

An earlier decision of the board (No. 11,875-45) is in the same direction and is based on a very similar policy followed by the British Umpire in England (BU-418) in which it was said that in refusing to pay union dues the employee " loses his employment by his own choice ". There are administrative determinations the other way, but we think the earlier policy of the New York Appeal Board was wise and should be continued. Nothing expressed in *Matter of Baida* (*supra*) was intended to indicate a judicial disagreement with this policy.

If willful failure to pay union dues with certain separation from employment following in an inevitable sequence could always be regarded as involuntary separation with a sure right to unemployment benefits, complex avenues of inroad upon the reserves would open up. We feel that both logic and reality of appraisal lie with the appellant commissioner's view of his obligation.

The determination of the Unemployment Insurance Appeal Board should be reversed and the claim for benefits dismissed, without costs.

FOSTER, P. J., COON, HALPERN and ZELLER, JJ., concur.

Determination of the Unemployment Insurance Appeal Board reversed and the claim for benefits dismissed, without costs.