■   In the Matter of the Claim of IRIS SOCOL, Appellant.   MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board denying her benefits on the grounds that she voluntarily left employment without good cause (Labor Law, § 593, subd. 1).   Claimant, a secretary, presumably because of a long standing personality clash with her superior, gave her employer notice on December 5, 1966 of her intention to leave employment on December 31.   On December 9 a dispute occurred between claimant and her superior which resulted in claimant's leaving work early.   The employer testified that she was not fired but told to return to work on Monday, December 12.   Claimant asserts she was told by an officer of the employer that she was not to return to work.   In any event she did not return and instead filed the claim for benefits here involved.   The board adopted the Referee's conclusion that good cause for claimant's leaving employment did not exist both because it had not been established that there were compelling health reasons, precipitated by the allegedly strained employment atmosphere, to justify her resignation and also because, even assuming that she had been told not to return on December 12, her giving notice of an intention to leave her employment provoked her discharge and was thus tantamount to her voluntarily leaving employment without good cause.   What constitutes good cause for leaving employment is factual and thus within the sole province of the board if its determination is supported by substantial evidence (Labor Law, § 623).   On the instant record we cannot say that there is not substantial evidence upon which the board could find that claimant left her employment solely due to a clash of personalities with her superior (e.g., Matter of MacDevitt [Catherwood], 29 A D 2d 588; Matter of Poest [Catherwood], 26 A D 2d 863) and not for compelling health reasons (e.g., Matter of Klausner [Catherwood], 27 A D 2d 776; Matter of Fusfeld [Catherwood], 19 A D 2d 678).   Similarly, the board could properly find that claimant on tendering her resignation should have reasonably foreseen that the employer might have decided to release her earlier and thus provoked her discharge (see Matter of Malaspina [Corsi], 285 App. Div. 564, affd. 309 N. Y. 413).   Matter of Baida [Corsi] (282 App. Div. 975) is not apposite here partic-

ularly in view of subsequent statutory changes in subdivision 1 of section 593. Accordingly, we find no basis to set aside the board's determination and it must, therefore, be affirmed. Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Reynolds, J.