In the Matter of the Claim of AUDREY J. KNAPP, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, March 14, 1974.

*Audrey J. Knapp,* appellant in person.

*Louis J. Lefkowitz, Attorney-General* (*Irving Jorrisch, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

*Per Curiam.* This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed February 5, 1973, which (1) disqualified claimant from receiving benefits on the ground of voluntary leaving of employment without good cause, (2) ruled that she was overpaid $544 in benefits, held to be recoverable, and (3) determined that she wilfully made a false statement to obtain benefits for which a forfeiture of eight effective days was imposed.

Claimant, a beautician, worked for a concessionaire in a department store until November 27, 1970. The circumstances under which her employment was terminated are sharply disputed. The manager of the salon, Aileen Sarkis, testified that claimant informed her that she and her husband were planning to move to California* but that she could not set a definite date for the move. She stated that they agreed that claimant would cease work at the end of the week. On the other hand, claimant testified that she had informed the manager that she would give her sufficient notice when she decided to leave; that nevertheless she was told on that Friday that she was being terminated.

The conflict of testimony raised only an issue of credibility and the board was entitled to find as it did that claimant did not provide a definite date for her departure and that she could not say whether it would be "right away, a week, a few days or two weeks " away. Under these circumstances, the board properly concluded that " by giving notice that she intended to leave

---

* It appears that claimant was planning to and did move to Caledonia, New York.

the area and by failing to provide the information requested by the employer as to the date when she would leave, claimant reasonably could anticipated [*sic*] that the employer would promptly take steps to replace her.''

The argument in support of the conclusion that claimant provoked her discharge in this manner is much more compelling here than in *Matter of Socol* (*Catherwood*) (29 A D 2d 1020) where claimant set a definite date for her resignation. In that case, this court affirmed a finding that claimant's discharge prior to the effective date of her resignation was tantamount to a voluntary separation from employment without good cause in view of her stated intent to resign. Here, by stating no definite termination date, claimant placed her employer in a position of uncertainty which could be terminated only by her prompt replacement.

The finding of willful misrepresentation is likewise supported by the record. In her application for benefits claimant stated that her unemployment was due to lack of work. However, she admitted at the hearing that this was not true. The board was thus entitled to impose a forfeiture (see *Matter of Kelly* [*Catherwood*], 30 A D 2d 995).

The decision should be affirmed, without costs.

GREENBLOTT, J. (dissenting). I dissent. Although claimant had announced her intention to leave her employment at some time in the future, she did not in fact quit her job. There was no mutual agreement as to the date of claimant's separation for as the board found, claimant had been unable to inform the employer as to when she might leave and the employer '' notified claimant that her last day of work would be November 27, 1970.''

In cases where an employee, having been told of an impending discharge, resigns prior to the date such discharge would have been effective, such an employee has been held unentitled to benefits on the ground that the voluntary separation was not for good cause (see *Matter of Schneider* [*Levine*], 37 A D 2d 788). In my view fundamental fairness requires that an identical standard be applied in a reciprocal situation where an employee has announced an intention to leave but has not yet done so. Certainly there is no more compelling justification for the employer to be allowed to obtain a replacement in anticipation of a quit, if there is no right to leave a position in advance of discharge to seek new employment.

Had claimant in the present case actually left her job the board would have been presented with a question of whether her separation was for good cause; but the claimant's separation

was no longer voluntary, and it has not been shown that claimant would not have continued in her employment for an indefinite period of time. Insofar as the date upon which claimant might have left her employment was at the time of her discharge a matter of speculation, this case is distinguishable from *Matter of Socol* (*Catherwood*) (29 A D 2d 1020) where the claimant had actually tendered her resignation to be effective on a date specified therein.

I would therefore reverse.

STALEY, JR., J. P., COOKE, KANE and MAIN, JJ., concur in *Per Curiam* opinion; GREENBLOTT, J., dissents and votes to reverse in a separate opinion.

Decision affirmed, without costs.