■    In the Matter of the Claim of Arthur Williams, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 31, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits. Claimant, an elevator operator, worked for the Postal Service, a Federal employer, for a number of years until he was discharged for intoxication on the job and an assault on a supervisor. Claimant had been suspended on two prior occasions. The Federal findings concerning claimant's discharge are final because the claimant was afforded an opportunity for a hearing by the Federal agency as to his reasons for termination (Smith v District Unemployment Compensation Bd., 435 F2d 433). Such acts by the claimant constitute misconduct (Matter of Poveda [Catherwood], 28 AD2d 781; Matter of Paulsen [Catherwood], 27 AD2d 493). Claimant filed for unemployment benefits but was disqualified for leaving his employment without good cause by provoking his discharge, which determination was sustained on appeal. Claimant thereupon appealed his discharge to the Federal Civil Service Commission. In the appellate process thereunder, claimant was restored to pay status pending further appeal by the Postal Service. He was directed to report to work, which he did, and continued to work until he was again discharged when the Federal Appeal and Review Board affirmed the decision of the New York Regional Office in removing claimant for misconduct. Claimant then filed a new original claim for unemployment benefits. The instant initial determination was issued. From that determination, this appeal ensued. Claimant contends that his ordered reinstatement was new employment during which no misconduct occurred and he did not lose his last employment through misconduct. We do not agree. At the time he was ordered reinstated he was in the midst of administrative review and his reinstatement was thus temporary pending the determination of the appeal board. Such temporary reinstatement does not constitute new employment. When the appeal was determined in a manner unfavorable to claimant, he was terminated for the original misconduct. Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.