■ In the Matter of the Claim of GILBERTO CRUZ, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal (1) from a decision of the Unemployment Insurance Appeal Board, filed June 27, 1978, disqualifying claimant from unemployment insurance benefits, and (2) from a decision of the Unemployment Insurance Appeal Board, filed November 2, 1978, denying claimant's application for reopening and reconsideration of the original decision. Claimant was an elevator operator and a member of a union in contractual relationship with the employer. On February 9, 1978, the union advised the claimant's employer by letter that claimant was no longer a member in good standing with the union. The letter requested that claimant be replaced by a member of the union in good standing in accordance with the union shop provision contained in the collective bargaining agreement in effect between the employer and the union. Claimant's problems with the union resulted from his failure to pay his union dues on time. Claimant was discharged by his employer on February 10, 1978, and informed that the reason for his dismissal was the February 9, 1978 letter from the union. Claimant then went to the union's office and offered to pay any dues and late charges which he owed. This offer was refused and claimant's subsequent claim for unemployment insurance benefits was denied upon the board's finding that claimant voluntarily left his employment without good cause (Labor Law, § 593, subd 1, par [a]). An employee is deemed to have voluntarily left his employment without good cause under the theory of "provoked discharge" when he voluntarily engages in conduct which transgresses a legitimate known obligation and leaves the employer no choice but to discharge him (*Matter of De Grego [Levine]*, 39 NY2d 180, 183; *Matter of Malaspina [Corsi]*, 309 NY 413; *Matter of Michael [Long Is. Coll. Hosp.—Ross]*, 60 AD2d 438, mot for lv to app den 45 NY2d 708). The Court of Appeals recognized that the provoked discharge doctrine was subject to arbitrary application in *Matter of James (Levine)* (34 NY2d 491) and limited its application to only those instances where the employer had no range of discretion, but was compelled to terminate the employment. In the instant case, the collective bargaining agreement between the union and the employer states that upon receipt of a letter requesting that a nonunion employee be discharged, "the employee shall be discharged within fifteen (15) days of said notice *if prior thereto he does not take the proper steps to meet said requirements*" (emphasis added). Thus, since this provision afforded the claimant 15 days in which to pay his union dues, the employer's discharge of claimant just one day after receipt of the union's letter cannot be said to have been mandated. Accordingly, we find that the doctrine of provoked discharge is not applicable to this case and that the board's finding that claimant voluntarily left his employment without good cause must be reversed. Decisions reversed, with costs, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.