In the Matter of BRUCE R. SENATOR, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, September 11, 1980

**APPEARANCES OF COUNSEL**

*Bruce R. Senator,* appellant *pro se.*

*Robert Abrams, Attorney-General (Steven A. Segall* and *Paul S. Shemin* of counsel), for respondent.

## OPINION OF THE COURT

HERLIHY, J.

The claimant was initially determined by the local office of the respondent to be disqualified from benefits because of misconduct on the ground that "you were insubordinate". The claimant requested a hearing and as a result thereof the board modified the initial determination to a disqualification because claimant voluntarily left his employment without good cause.

The claimant testified that on March 14, 1979 he gave the employer "30 days notice". The employer said that he did not need any notice and immediately terminated the employment. The board has found the immediate termination to be a voluntary leaving because "notice is for the benefit of the employer" and "the employer has the right to accelerate the notice".

It is quite apparent that the theory that the claimant voluntarily left his employment on March 14, 1979 is pure fiction *(Matter of Baida [Corsi],* 282 App Div 975; cf. *Matter of Cantor [Levine],* 50 AD2d 638 [claimant voluntarily left employment before date of notice]). He and his employer had been engaged in a confrontation over the employment generally when claimant gave his notice. The employment might well have continued indefinitely except for the precipitous action of the employer in immediately discharging the claimant (cf. *Matter of Baida [Corsi], supra* [final date of notice accepted as date of disqualification]).

*Matter of Baida (Corsi) (supra)* was rejected in *Matter of Socol (Catherwood)* (29 AD2d 1020), where the court adopted the "provoked discharge" theory of a voluntary leaving of employment, citing *Matter of Malaspina (Corsi)* (309 NY 413). Since the decision of the *Socol* case (cited with approval in *Matter of Knapp [Levine],* 44 AD2d 36, 38), the doctrine of "provoked discharge" has been discredited, except in cases similar to the *Malaspina* case when claimants fail to meet an essential condition of employment. (See *Matter of De Grego [Levine],* 39 NY2d 180, 183-184; *Matter of Cruz [Ross],* 70 AD2d 976.) In the absence of the "provoked discharge" doctrine, there is nothing to distinguish the *Baida* case *(supra)* from the present situation and it is now certain that there must be a factual basis for finding a "voluntary" leaving of employment.

The Industrial Commissioner took no appeal to the board

from the modification of his original determination of misconduct and there is nothing in the record to support the finding of a voluntary leaving of employment as the cause of the unemployment as of March 15, 1979; "[c]onsequently, claimant is entitled to unemployment insurance benefits." *(Matter of Hulse [Levine],* 41 NY2d 813, 814.)

The decision should be reversed, with costs, and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.

MAHONEY, P. J., MAIN, MIKOLL and CASEY, JJ., concur.

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.