■ In the Matter of the Claim of LAWRENCE PEPINO, Respondent. ARC REBUILDERS, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 8, 1982, which ruled that claimant was entitled to receive benefits. Claimant was a production manager who had worked for his employer over 12 years when his employment terminated on March 2, 1982. It appears that claimant felt his workload had become increasingly burdensome and finally informed the employer of his desire to leave on that date. The local office denied claimant's subsequent claim for unemployment insurance benefits on the basis that he had voluntarily left his employment without good cause. This initial determination was sustained by the hearing officer. The board, however, reversed and ruled that claimant was entitled to benefits after finding that claimant was discharged from his employment after giving notice of his intention to leave after at least 30 days. This appeal by the employer ensued. There must be a reversal of the board's decision since the finding that claimant was discharged from his job on March 2, 1982 is not supported by substantial evidence. The sole issue in this case up until the board's decision was whether claimant's reasons for leaving his job on March 2, 1982 constituted "good cause" within the meaning of the Unemployment Insurance Law. *All* of the evidence in the record, including written documentation from both parties and their testimony before the hearing officers, indicates that claimant quit his job rather than being fired therefrom. Despite this, the board found that claimant was discharged. The board's conclusion that claimant was discharged stems from an erroneous reading of *Matter of Senator (Ross)* (76 AD2d 652) and an unsupported interpretation of the events which transpired on March 2, 1982. In *Matter of Senator (Ross)* (*supra*), a claimant was found to have been discharged and eligible for unemployment benefits when he was immediately terminated upon giving 30 days' notice to his employer. In the instant case, there is no argument over what occurred between the parties

when they met on March 2, 1982. Claimant gave 30 days' notice to enable his employer to find a replacement and offered to stay on for a longer period if that would be helpful. According to claimant, the employer's response was "The 30 days' notice was not necessary, and if you are going to leave, you could do so immediately". Claimant did not return to work. These facts, which comport with the employer's version in all respects, clearly show that claimant was not terminated upon giving his notice as was his counterpart in *Matter of Senator (Ross) (supra)*. Claimant could have worked for 30 more days or longer if he so desired. Instead, he voluntarily chose to leave on March 2, 1982 after learning that his employer did not desire any time to find and train a suitable replacement. Accordingly, upon reviewing the entire record, we conclude that the board's determination of eligibility in this case based upon a finding of discharge is totally unsupported by any evidence. Decision reversed, without costs, and initial determination disqualifying claimant from receiving benefits reinstated. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.