■ In the Matter of the Claim of Borinquen Bishop, Appellant. John F. Hudacs, as Commissioner of Labor, Respondent. [598 NYS2d 376] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 1992, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant resigned from her employment as a typist because she did not want to do receptionist work for the employer. According to claimant, she was becoming ill as a result of her "combined duties and responsibilities". The employer's representative testified, however, that claimant was assigned to do receptionist work only as a backup while the receptionist was on vacation and that claimant was told that the assignment was temporary. In addition, another worker was assigned to claimant's typing duties while claimant worked as a receptionist. The employer's representative also stated that claimant was the best suited to handle the receptionist assignment. Under these circumstances, there is substantial evidence in

the record to support the conclusion by the Unemployment Insurance Appeal Board that claimant resigned from her employment for personal and noncompelling reasons *(see, Matter of Wilensky [Catherwood],* 33 AD2d 830; *Matter of Rubinstein [Catherwood],* 33 AD2d 950). As to claimant's testimony that the job was making her "sick, nervous and tense", we note that she received no medical advice to leave her job *(see, Matter of Klausner [Catherwood],* 27 AD2d 776). Furthermore, the unemployment insurance benefits received by claimant were properly ruled recoverable pursuant to Labor Law § 597 (4) *(see, Matter of Barber [Roberts],* 121 AD2d 767).

Weiss, P. J., Mikoll, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the decision is affirmed, without costs.