■ In the Matter of the Claim of CAROLINE Z. LUKASZEWSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [672 NYS2d 466] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 3, 1996, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as director of the employer's religious education program. Following various incidents wherein claimant felt demeaned and humiliated by her supervisor, claimant submitted a letter of resignation on November 9, 1993 without specifying a reason for or date of departure. Claimant's undisputed testimony established that, in order to ensure a smooth transition, she had agreed to continue work-

ing until a permanent replacement for her position could be found and trained; for various reasons, claimant estimated that a permanent replacement would not be found until June 1994. On December 9, 1993, prior to a replacement being found, the employer informed claimant that her resignation was being accepted and her employment was terminated. The decision of the Unemployment Insurance Appeal Board, finding that claimant was disqualified from receiving benefits because she voluntarily left her employment effective December 9, 1993, is not supported by substantial evidence. Notwithstanding claimant's November 9, 1993 resignation letter, the record indicates that the employment would have continued until a permanent replacement was found and trained except for the employer's precipitous action of discharging claimant on December 9, 1993 (*see, Matter of Senator [Ross]*, 76 AD2d 652, 653; *Matter of Baida*, 282 App Div 975; *compare, Matter of Kindlon [Albany Med. Coll.—Roberts]*, 114 AD2d 730; *Matter of Pepino [ARC Rebuilders—Roberts]*, 95 AD2d 914). Inasmuch as the finding of a voluntary leaving of employment effective December 9, 1993 is not supported by substantial evidence in the record, it must be reversed.

Cardona, P. J., White and Yesawich Jr., JJ., concur.

Mercure, J. (dissenting). I respectfully dissent. In my view, the fact that claimant's letter of resignation set forth no effective date meaningfully distinguishes this case from the cases relied upon by the majority. I believe that the absence of an effective date placed the employer in a position where it was free to select one, a result that is unaffected by claimant's offer to work until a replacement could be found or her assumption that it would take until June 1994 to do so. In view of the foregoing, I find ample record support for the determination of the Unemployment Insurance Appeal Board. I would therefore affirm.

Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.