■ In the Matter of the Claim of BARBARA TARGETT, Appellant. COMMISSIONER OF LABOR, Respondent. [672 NYS2d 519] —Appeal from a decision of the Unemployment Insurance Board, filed January 24, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

While claimant was employed as a medical transcriptionist, she began to experience physical difficulties using her hands and was told by her family doctor that she might have rheumatoid arthritis. The doctor advised her to take a two-week leave of absence but claimant instead resigned and informed her employer that June 12, 1996 would be her last day of work. Since the replacement hired by the employer could not begin work until the second week of July, claimant agreed to fill in on a temporary basis. In the meantime, claimant consulted a specialist, who advised her that she did not have rheumatoid arthritis and that her condition was treatable.

Claimant's employment thereafter came to an end and the Unemployment Insurance Appeal Board ruled that claimant voluntarily left her employment without good cause and was disqualified from receiving benefits.

In our view, substantial evidence supports the Board's decision. Significantly, claimant concedes that she voluntarily chose to terminate her employment despite receiving no medical advice to leave her job (*see, Matter of Bishop [Hudacs]*, 193 AD2d 1040, 1041). Furthermore, claimant's temporary activity for her former employer did not constitute a new period of employment for purposes of the Labor Law (*see, Matter of Kindlon [Albany Med. Coll.—Roberts]*, 114 AD2d 730, 732). Finally, any discrepancies between claimant's version of events and that of the employer merely raised issues of credibility for the Board to resolve (*see, Matter of Ferrugia [AAA Acc. Ins.—Sweeney]*, 233 AD2d 742).

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.