■ In the Matter of the Claim of ELLEN M. McCAFFERY, Appellant. COMMISSIONER OF LABOR, Respondent. [696 NYS2d 245] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 1, 1998, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Without requesting a leave of absence, claimant resigned from her employment as an insurance claims examiner on February 14, 1997 due to child-care problems. The employer requested that she continue to work on a part-time basis until a replacement could be hired and trained. Claimant signed an agreement to that effect and continued to work until May 14, 1997, at which point the employer informed her that there was no more work available as replacements had been hired and trained. While claimant's application for unemployment insurance benefits was initially granted, the local unemployment insurance office reconsidered the claim and found claimant to be

disqualified upon receipt of additional information from the employer regarding the circumstances of claimant's separation from employment. Upon review, the Unemployment Insurance Appeal Board ruled, *inter alia*, that claimant voluntarily left her employment without good cause, subjecting her to disqualification.

Initially, inasmuch as the employer submitted the additional information to the local unemployment insurance office within a year from the initial determination, it was within the authority of the Commissioner of Labor to review and revise the initial determination (*see*, Labor Law § 597 [3]) and the Commissioner was not required to treat the employer's submission as a request for a hearing. Next, we find substantial evidence in the record to support the Board's decision that claimant voluntarily left her employment without good cause. The issue is not, as claimant contends, the circumstances under which her post-resignation, part-time period of employment came to an end but, rather, the reasons underlying her separation from employment in the first instance. As claimant readily conceded that she resigned her position due to child-care problems, the Board could properly conclude under the circumstances that she voluntarily left her employment without good cause (*see*, *Matter of Targett [Commissioner of Labor]*, 250 AD2d 903, 904; *Matter of Kindlon [Albany Med. Coll.—Roberts]*, 114 AD2d 730; cf., *Matter of Lukaszewski [Commissioner of Labor]*, 249 AD2d 861, 862). Any lingering dispute as to the circumstances surrounding claimant's separation from employment merely created a credibility issue for the Board to resolve (*see*, *Matter of Odock [Independent Living—Commissioner of Labor]*, 254 AD2d 551). Finally, claimant properly was assessed a recoverable overpayment of benefits (*see*, Labor Law § 597 [4]; *Matter of Strauch [Hudacs]*, 193 AD2d 1044).

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.