■ In the Matter of the Claim of KAREN ROTH, Appellant. COMMISSIONER OF LABOR, Respondent. [968 NYS2d 739]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 9, 2012, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as an administrative supervisor at a residential treatment center in Westchester County from August 21, 2009 through September 25, 2009. At the time of hire, claimant was informed that her job duties would infrequently include traveling to New York City. After making this commute three times, claimant informed her supervisor that she was uncomfortable with, among other things, the amount of travel and she did not like riding the subway. Claimant was informed that, while travel was still part of the job, efforts would be made to assign her cases where travel was not required. Thereafter, while claimant was admittedly not given another travel assignment, she nevertheless became concerned about possibly being asked to travel again in the future. Consequently, claimant informed the supervisor on September 24, 2009 that she "was still not feeling comfortable [and she] just didn't feel that this job was working out." The supervisor asked claimant for four weeks notice, but claimant stated that she "didn't see that [she] was going to be any more help to her four weeks from then than [she] was at that moment." Claimant testified that the supervisor then indicated that she could "leave tomorrow," and claimant signed and submitted a letter of resignation to that effect.

Claimant subsequently applied for unemployment insurance benefits and the Unemployment Insurance Appeal Board ultimately ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause. The Board adhered to this decision upon reconsideration, and claimant now appeals.

We affirm. In our view, substantial evidence supports the Board's ruling that claimant voluntarily left her employment without good cause while continuing work was available (see Matter of Williams [Commissioner of Labor], 102 AD3d 1051, 1052 [2013]; Matter of Gaines [New York City Tr. Auth.—Commissioner of Labor], 37 AD3d 962, 963 [2007]). Although claimant indicated that she resigned due to anxiety issues, she acknowledged that she did not receive medical advice to quit her job (see Matter of Chimento [Hartnett], 172 AD2d 944, 944 [1991]). Moreover, contrary to claimant's reliance upon Matter of Senator (Ross) (76 AD2d 652, 653 [1980]), and deferring to

the Board's credibility determinations (*see Matter of Garside [Commissioner of Labor]*, 73 AD3d 1420, 1421 [2010]), we find support for the Board's rejection of her contention that the supervisor directed her to resign on September 25, 2009 (*see Matter of Pepino [ARC Rebuilders—Roberts]*, 95 AD2d 914, 914-915 [1983]). Consequently, we find no basis to disturb the Board's decision.

Peters, P.J., Rose, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.