■ In the Matter of the Claim of ANNE M. BRADLEY, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 15, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a release and classification analyst for a custom's broker for approximately one year. At a meeting to discuss her job, claimant learned that her employer was unhappy with her performance in certain areas. The employer did not want to terminate her at that time but told her that she had a definite time period in which to improve her performance and she would then be reevaluated. The employer's representative testified that, instead of accepting this criticism and giving herself the time to better her performance, claimant chose to resign immediately. Although claimant testified that she did not quit, this merely presented a

question of credibility within the sole province of the Unemployment Insurance Appeal Board to resolve *(see, Matter of Baker [Hartnett],* 147 AD2d 790, *appeal dismissed* 74 NY2d 714; *Matter of Nunes [Roberts],* 98 AD2d 934). To the extent that claimant thought that she would eventually be fired, quitting in anticipation of discharge does not constitute good cause for leaving one's employment *(see, Matter of Mastro [Levine],* 52 AD2d 708; *Matter of Manson [Hartford Acc. & Indem. Group—Levine],* 50 AD2d 980). Criticism by a supervisor is also not good cause *(see, Matter of Hogan [Schenectady Discount Corp.—Levine],* 50 AD2d 650). Under the circumstances, we find substantial evidence to support the Board's decision that claimant voluntarily left her employment without good cause and it must therefore be upheld *(see, Matter of Sillan [French Tel. Cable Co.—Levine],* 53 AD2d 719).

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.