■ In the Matter of the Claim of WILLIAM J. DE ANGELIS, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [605 NYS2d 471] —Weiss, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

At the time claimant was hired in February 1990 as a security guard, he was also working as a substitute teacher.

During the balance of the 1990 school year, he worked evenings 4:00 P.M. to 12:00 A.M. and weekends at the security guard position in order to accommodate his teaching schedule. In the summer he switched to the night shift, 12:00 A.M. to 8:00 A.M. According to claimant, prior to commencement of the 1990-1991 school year, he entered into an agreement with his employer to return to the former evening schedule and, when the employer failed to honor that agreement, he was forced to quit. The employer controverted claimant's testimony, indicating that claimant expressly declined an offer to return to his former evening schedule, preferring instead to work an 11:00 P.M. to 7:00 A.M. shift, and when that work shift did not become available he quit. The Unemployment Insurance Appeal Board credited the employer's testimony, holding that claimant quit to make himself available for substitute teaching assignments, which did not rise to the level of good cause for leaving his job. Claimant appeals.

As a general rule, an employee's preference for particular work hours does not constitute good cause for leaving employment *(see, e.g., Matter of Novak [Hudacs],* 190 AD2d 979; *Matter of McEvoy [New York Tel. Co.—Roberts],* 89 AD2d 1049). While claimant asserts that the presence of an agreement with his employer regarding hours constitutes sufficiently compelling circumstances to remove this case from the general rule, the Board rejected the existence of an agreement and found instead that claimant left in favor of another job. Inasmuch as the Board's determination constitutes a credibility determination within its sole province to resolve *(see, e.g., Matter of Baker [Hartnett],* 147 AD2d 790, *appeal dismissed* 74 NY2d 714) and is otherwise supported by substantial evidence, we find lacking the existence of any basis for us to disturb these findings. We note as a final matter that leaving employment in favor of another job, or because a claimant is unable to concurrently work on two jobs, has been held not to constitute good cause for leaving employment *(see, e.g., Matter of Koushakjian [Hudacs],* 190 AD2d 938; *Matter of Bates [Catherwood],* 33 AD2d 860).

Claimant's remaining contentions are unpreserved for review.

Mercure, Crew III and White, JJ., concur. Ordered that the decision is affirmed, without costs.