■ In the Matter of the Claim of JOSEPH CINQUE, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [638 NYS2d 794] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 11, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant resigned from his position as a service manager at a bank due to the long commute to and from work. The Board denied his application for unemployment insurance benefits, finding that he voluntarily left his employment without good cause. Claimant appeals.

An employee's voluntary separation from employment without good cause disqualifies the employee from receiving unemployment insurance benefits (Labor Law § 593 [1] [a]). Whether claimant left his employment voluntarily is a question of fact for the Board to determine and must be affirmed if supported by substantial evidence (see, Matter of Horton [Hartnett], 176 AD2d 1103, 1104).

Claimant accepted the bank position fully aware of the length of his commute to work. He cannot not use the conditions agreed on to demonstrate good cause for leaving his employment (see, Matter of Maira [Hudacs], 182 AD2d 962). On appeal, claimant raises for the first time two new reasons for his departure: a heart ailment and fear of imminent layoff. We decline to consider either contention due to claimant's failure to raise them at the administrative level.

Mikoll, J. P., Mercure, White, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.