■ In the Matter of the Claim of FELICIA M. PARTLOW, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [651 NYS2d 658] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 7, 1995, which ruled, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed for six months as a dispatcher for the employer, an emergency medical and ambulance service, until job-related stress, confirmed by her physician, caused her to resign. The employer subsequently rehired claimant as a collection agent performing clerical duties. Due to subsequent staffing shortages, however, claimant agreed to work as a dispatcher one day a week, an arrangement approved by her physician. The employer assigned claimant to the usually quiet Tuesday morning shift, from 1:00 A.M. to 9:00 A.M., on the as-

sumption that there would be few calls and claimant could spend the time working at her usual clerical duties. Claimant refused to work these hours, however, preferring to work as a dispatcher on Saturdays from 2:00 P.M. to 9:00 P.M. As a result, claimant again resigned. The Board ruled that claimant was disqualified from receiving unemployment insurance benefits because she had voluntarily left her employment without good cause. We agree.

In the absence of truly compelling circumstances, dissatisfaction with one's hours of employment does not constitute good cause for resigning (see, Matter of De Angelis [Hudacs], 199 AD2d 739, 740). Here, early morning weekday hours were assigned to claimant because they were considered the least stressful hours of the week. Claimant rejected this assignment, preferring Saturday afternoon and evening hours despite evidence that they were far more likely to be stress-inducing. We conclude that claimant's disinclination to work the early morning shift one day per week did not arise out of concern for her mental health and so does not constitute a compelling reason for leaving her employment. Accordingly, the Board's ruling that claimant left her employment without good cause should be affirmed.

Cardona, P. J., Mikoll, Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.