■ In the Matter of the Claim of JAMES W. SAMPICA, Appellant. COMMISSIONER OF LABOR, Respondent. [675 NYS2d 423] —Ap-

peal from a decision of the Unemployment Insurance Appeal Board, filed February 25, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Upon our review of the record, we find substantial evidence to support the decision of the Unemployment Insurance Appeal Board that claimant voluntarily left his position as a part-time security officer without good cause. The record indicates that claimant was upset with the hours he was scheduled to work and, when his supervisor refused to change the schedule, claimant left work prior to the end of his shift. Absent a compelling reason, dissatisfaction with one's work schedule does not constitute good cause for leaving employment (*see, Matter of Biot [Commissioner of Labor]*, 249 AD2d 603). The record further establishes that claimant failed to follow the employer's known grievance procedures in contesting the work schedule (*see, e.g., Matter of Kaufman [Hudacs]*, 196 AD2d 914). Claimant's testimony that he was authorized to leave his employment prior to the end of his shift was contradicted by other evidence in the record and merely presented a credibility issue for the Board to resolve (*see, Matter of Fernandez [Sweeney]*, 238 AD2d 704).

Mikoll, J. P., Mercure, White, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.