■ In the Matter of the Claim of ELEANOR S. BESSERMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [688 NYS2d 769] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 1, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

When claimant was not selected for a permanent assignment, she resigned from her employment as a legal secretary due to her dissatisfaction with her four-month status as a "floater". The record demonstrates that it was the employer's policy to initially hire legal secretaries as "floaters", requiring them to work in various legal departments in order to familiarize themselves with the procedures of the firm.

Claimant also attributes her resignation to verbal abuse from managers at the firm, although she never discussed this concern with her employer. Upon our review of the record, we conclude that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause.

It has been held that neither dissatisfaction with one's employment (see, Matter of Mannetta [Sweeney], 246 AD2d 699) nor criticism from a supervisor (see, Matter of Ginsberg

*[Commissioner of Labor]*, 252 AD2d 702) constitutes good cause for leaving employment. Any conflict in the testimony regarding the representations made to claimant concerning the length of time it would take to be placed on a permanent assignment presented a credibility issue for the Board to resolve (*see, Matter of Mannetta [Sweeney]*, *supra*). Under these circumstances, we find no reason to disturb the Board's decision.

Cardona, P. J., Mikoll, Crew III and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.