■ In the Matter of the Claim of JAMES P. KERRS, Appellant. COMMISSIONER OF LABOR, Respondent. [711 NYS2d 642] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 13, 1999, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant's former employment ended under nondisqualifying circumstances and he filed an original claim for unemployment insurance benefits effective September 5, 1997. Claimant was duly supplied with the appropriate informational handbook and also attended the applicable orientation sessions. Thereafter, while certifying for and receiving unemployment insurance benefits, claimant began working part time as a telemarketer for Slomin's, Inc. Claimant resigned this employment in November 1997 due to the distance of the commute and his concern for continued receipt of unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately found claimant to be ineligible to receive unemployment insurance benefits on the ground that he was not totally unemployed. The Board also found that claimant voluntarily left his employment with Slomin's without good cause while continuing work was available. Claimant was charged with a recoverable overpayment of unemployment insurance benefits and also assessed a forfeiture penalty of benefit days upon a finding that he made willful false statements to obtain benefits.

We affirm. Substantial evidence supports the Board's assessment of claimant's credibility and the inferences drawn from the evidence presented (see, Matter of Falco [Sweeney], 246 AD2d 711, lv denied 92 NY2d 815; Matter of Cinque [Sweeney], 224 AD2d 912), as well as the separate finding of willful misrepresentation (see, Matter of Le Pore [Sweeney], 248 AD2d 783, 784). We have examined claimant's remaining arguments, including his assertion that he should be entitled to partial unemployment insurance benefits, and find them to be unpersuasive under the circumstances.

Cardona, P. J., Mercure, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.