■ In the Matter of the Claim of LINDA J. BLANKENSHIP, Appellant. COMMISSIONER OF LABOR, Respondent. [722 NYS2d 622] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 15, 2000, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a per diem substitute cleaner for a school district, left her employment after her hours were reduced from eight hours a day to four hours a day. The record establishes that claimant was initially hired to cover for a full-time employee who was on disability. When the employee returned from disability, claimant's hours varied according to the employer's needs based upon vacations and absences of permanent employees. Although claimant worked full time during the summer due to vacation schedules, when the school year resumed her hours were reduced to four hours a day. Under these circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant's dissatisfaction with her reduced hours in accordance with the needs of the school district did not constitute good cause for leaving her employment (*see, Matter of Kabuya [Sweeney]*, 242 AD2d 811, 812; *Matter of McQueen [Hartnett]*, 176 AD2d 413, 414). Furthermore, inasmuch as claimant cited "lack of work" on her application for unemployment insurance benefits, which was a willful misrepresentation, we find no reason to disturb the Board's imposition of a recoverable overpayment of benefits (*see, Matter of Kerrs [Commissioner of Labor]*, 275 AD2d 530, 531; *Matter of Le Pore [Sweeney]*, 248 AD2d 783, 784).

Cardona, P. J., Mercure, Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.