■ In the Matter of the Claim of RACHEL D. JAMES, Appellant. COMMISSIONER OF LABOR, Respondent. [728 NYS2d 588] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 10, 2000 and July 17, 2000, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

During the course of her employment as a security guard, claimant was assigned to work at various stores and office buildings. When claimant complained of discomfort in her back and legs due to prolonged standing, she received further training and was given a temporary assignment at an office building where she was able to sit during her shift. In response to claimant's request that the office building assignment become permanent, the employer responded that the assignment would continue as long as there was a need for her to be there. Claimant, dissatisfied with the employer's response, failed to return to work. Under these circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant voluntarily left her employment without good cause. Dissatisfaction with one's assignment does not constitute good cause for leaving employment (*see, Matter of Blankenship [Commissioner of Labor]*, 282 AD2d 861; *Matter of Besserman [Commissioner of Labor]*, 260 AD2d 832). Furthermore, although continuing work was available to claimant, she indicated "lack of work" on her application for unemployment insurance benefits. We therefore find no reason to disturb the Board's imposition of a recoverable overpayment of benefits (*see, Matter of Blankenship [Commissioner of Labor], supra*).

Cardona, P. J., Mercure, Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.