■ In the Matter of the Claim of JAMES R. HUNTINGTON, Appellant. COMMISSIONER OF LABOR, Respondent. [743 NYS2d 209] —Spain, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a pest control technician. On what turned out to be his last day in this position, a Friday, claimant was informed by his employer that he would be paid his hourly salary by check, as usual; however, he was told there was not enough cash on hand to pay him for the agreed-upon commissions he had earned. It was agreed that in one week, claimant would be paid the commission money. That night, the employer's assistant manager—who was also the employer's son and had no payroll duties or knowledge concerning what commissions were due claimant—spoke with claimant by telephone.

The assistant manager told claimant that the employer had no intention of ever paying him the commission money, believing the money was not owing to claimant, but that he would speak to the employer and call claimant back. Because the assistant manager failed to call claimant back, as promised, claimant did not thereafter return to his employment. Claimant made no attempt to call the employer to whom he directly reported, nor did he respond to the employer's subsequent calls inquiring why he had not reported for work. During the following week, the employer neither retracted the promise to pay claimant the commissions nor told claimant that the commissions were not earned.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant lost his employment under disqualifying circumstances. It has been held that dissatisfaction with one's salary or a misunderstanding regarding compensation terms does not constitute good cause for resigning especially where, as here, the claimant did not protect his or her employment by bringing this dissatisfaction or misunderstanding to the employer's attention (*see, Matter of Bartczak [Commissioner of Labor]*, 272 AD2d 731, 732; *Matter of Fluman [Commissioner of Labor]*, 254 AD2d 649, 649-650; *see also, Matter of Kogut [Witmer—Commissioner of Labor]*, 255 AD2d 679, 680; *Matter of Gatza [Sweeney]*, 247 AD2d 747, 748). Claimant's testimony and affidavit established his awareness that the commissions were not due until the employer was paid by the customer, and if he had attempted to verify with the employer the questionable representations made by the assistant manager, he would have learned the employer's position that the customers had not yet paid for the services. Claimant's assertion—that he did not voluntarily leave his employment but was discharged—raised an issue of credibility for resolution by the Hearing Officer (*see, Matter of Anthony [Commissioner of Labor]*, 257 AD2d 876, 877; *Matter of Valentin [Commissioner of Labor]*, 252 AD2d 620, 621). Claimant's remaining contentions have been examined and found to be without merit.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.