■ In the Matter of the Claim of ROBERT M. BRACCI, Appellant. COMMISSIONER OF LABOR, Respondent. [749 NYS2d

329] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 21, 2002, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

The record reveals that claimant requested to be laid off from his job as a bricklayer in part to attend to dental procedures and in part because he was not happy with the work. Thereafter, claimant failed to attend a scheduled meeting with the president of the company and was absent from work for two days due to doctor appointments. Under these circumstances, we find substantial evidence to support the Unemployment Insurance Appeal Board's finding that claimant's conduct reasonably led the employer to believe that claimant quit and, thus, was disqualified from receiving unemployment insurance benefits because he voluntarily left his job without good cause (see generally Matter of James [Commissioner of Labor], 285 AD2d 888; Matter of Rivera [Catherwood], 29 AD2d 582). Claimant's assertion that he did not quit raised a credibility issue for the Board to resolve (see Matter of Bradley [Hudacs], 190 AD2d 949). Moreover, given claimant's statement on his application for benefits that his separation from employment was due to lack of work, we will not disturb the Board's finding that he made a willful misrepresentation or the Board's resultant assessment of a recoverable overpayment of benefits (see Matter of James [Commissioner of Labor], supra).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.