■ In the Matter of the Claim of ORION E. DUNSTER, Appellant. COMMISSIONER OF LABOR, Respondent. [760 NYS2d 240] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 30, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant voluntarily left his employment as a night auditor and desk clerk at a motel without good cause. Claimant testified that he quit his job because he was dissatisfied with the management's handling of guest complaints which were caused by coworkers failing to adequately perform their job responsibilities. Although the stress caused claimant to feel it necessary to take nitroglycerin tablets in order to prevent angina attacks, he admitted that he was never advised by a physician to leave his employment (*see Matter of Lonczynski [Commissioner of Labor]*, 252 AD2d 645 [1998]; *Matter of Krinsky [Sweeney]*, 238 AD2d 659 [1997]; *Matter of Aronson [Hudacs]*, 194 AD2d 1046 [1993]) and waited two months after he quit to consult with a physician. Furthermore, to the extent that claimant quit because he was stressed and frustrated with his coworkers' performance and the management's handling of complaints, neither inability to get along with a coworker (*see Matter of Gatza [Sweeney]*, 247 AD2d 747 [1998]) nor disagreement with the employer's method of conducting business constitutes good cause for leaving employment (*see Matter of Collins [Sweeney]*, 239 AD2d 758 [1997]; *Matter of Black [Hartnett]*, 168 AD2d 728 [1990]).

Cardona, P.J., Mercure, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.