■ In the Matter of the Claim of MIHAI LUTA, Appellant. COMMISSIONER OF LABOR, Respondent. [759 NYS2d 800] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 1, 2002, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a shipping manager for an automobile accessories company in New York from May 1, 2001 until

September 21, 2001. Following his separation from employment, he reopened an existing claim for unemployment insurance benefits in New Jersey where he had previously worked for six years. At the conclusion of an unemployment benefits hearing, a New Jersey Appeal Tribunal found that claimant had not voluntarily left his New York employment without good cause and granted him benefits. The New York employer's appeal from that decision was not heard; it was dismissed upon the basis that it was not a chargeable employer in that claim and, thus, was not an interested party entitled to appeal. Claimant subsequently filed an application for unemployment insurance benefits in New York. He was initially disqualified from receiving benefits on the ground that he voluntarily left his employment without good cause and was charged with a recoverable overpayment. Following a hearing, an Administrative Law Judge overruled the initial determinations and granted him benefits. The Unemployment Insurance Appeal Board disagreed and reinstated the initial determinations, resulting in this appeal.

Initially, the issue of whether a claimant voluntarily left his employment without good cause is a factual question for the Board to decide and its determination will be sustained if supported by substantial evidence (*see Matter of Arroyo*, 247 AD2d 745 [1998]; *Matter of Acevedo*, 190 AD2d 921 [1993]). Notably, this Court has held that dissatisfaction with one's salary or general working conditions does not constitute good cause for leaving one's employment (*see Matter of Huntington*, 295 AD2d 736, 737 [2002]; *Matter of Zalinka*, 290 AD2d 629, 630 [2002]; *Matter of Greco*, 286 AD2d 796 [2001]). Here, concerning the cessation of his employment, claimant testified that, after his employer rehired a former manager and business slowed, he was laid off. The employer's general manager, by contrast, testified that claimant quit his position complaining that the rate of pay was too low and that the company was poorly organized. Such conflicting testimony presented a question of credibility for the Board to resolve (*see Matter of Bracci*, 298 AD2d 823, 824 [2002]; *Matter of Zalinka, supra* at 630). Moreover, the doctrine of collateral estoppel is inapplicable to bind the Board to the decision of the New Jersey Appeal Tribunal given that the employer did not have a full and fair opportunity to litigate that matter upon administrative or judicial appeal (*see David v Biondo,* 92 NY2d 318, 321-324 [1998]; *Ryan v New York Tel. Co.,* 62 NY2d 494, 501 [1984]; *cf. Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349-350 [1999]). Furthermore, inasmuch as claimant stated on his New York application for benefits that he had been laid off due to lack of work, substan-

tial evidence also supports the Board's finding that claimant made a false misrepresentation and is liable for a recoverable overpayment of benefits. Therefore, we decline to disturb the Board's decision.

Cardona, P.J., Mercure, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.