■ In the Matter of the Claim of CHRISTIAN S. LESTER, Appellant. COMMISSIONER OF LABOR, Respondent. [759 NYS2d 915] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed January 3, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause, and (2) from a decision of said Board, filed February 21, 2002, which, upon reconsideration, adhered to its prior decision.

Claimant was employed as a finisher at a wood-milling company. The employer initially tolerated claimant's preference to work from 5:00 A.M. to 3:00 or 3:30 P.M., but eventually insisted that claimant and the other employees in the finishing department start work no earlier than 7:00 A.M. and continue working until at least 4:30 P.M. The change in work hours was necessitated, according to the employer's testimony, by the need to have the finishers working at the end of the day to finish material scheduled to be delivered to customers the next morning. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. Upon reconsideration, the Board adhered to its original decision. We affirm.

It is well settled that a claimant's dissatisfaction with his or her scheduled work hours may not constitute good cause for leaving employment (*see Matter of Hunt [Commissioner of Labor]*, 286 AD2d 819 [2001]; *Matter of Eck [Commissioner of Labor]*, 279 AD2d 690, 690-691 [2001]). In the instant matter, substantial evidence supports the Board's finding that claimant voluntarily left his employment because of his dissatisfaction with his work schedule, in particular, the requirement that he continue working after 3:30 P.M. Claimant's contention that he did not resign but was discharged by the employer presented issues of credibility for the Board to resolve based upon the evidence before it (*see Matter of Williams [Commissioner of Labor]*, 297 AD2d 857 [2002]; *Matter of Spark [Commissioner of Labor]*, 290 AD2d 914 [2002], *lv denied* 98 NY2d 612 [2002]). Claimant's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.