■ In the Matter of FRANCES EBISIKE, Appellant. COMMISSIONER OF LABOR, Respondent. [761 NYS2d 537] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 4, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as an office worker in a community center. Following her return to work from sick leave, claimant's weekly work hours were reduced from 35 to 26¼. Claimant was 50 minutes late on her next day of work, apparently due to confusion over the revised schedule. After her supervisor upbraided her for tardiness, claimant resigned. The Unemployment Insurance Appeal Board denied claimant's application for unemployment insurance benefits on the ground that she had left her employment for personal and noncompelling reasons.

In general, dissatisfaction caused by a reduction in work hours may not constitute good cause for leaving employment (*see Matter of Blankenship [Commissioner of Labor]*, 282 AD2d 861, 862 [2001]; *Matter of Cudnik [Sweeney]*, 235 AD2d 888 [1997]), nor may hostility toward a supervisor who is perceived as unfairly critical (*see Matter of Alascia [Kuhr—Commissioner of Labor]*, 281 AD2d 739 [2001]; *Matter of Loria [Commissioner of Labor]*, 254 AD2d 676, 677 [1998]). Here, substantial evidence supports the Board's finding that claimant voluntarily left her employment due to friction with her supervisor and dissatisfaction with the reduction in her work hours. As her reasons for leaving were characterized as noncompelling, claimant was properly disqualified from receiving benefits. The assertion that claimant was fired is contrary to the testimony given by the employer's witnesses and presented an issue of credibility for resolution by the Board (*see Matter of Valentino [Sweeney]*, 244 AD2d 642 [1997], *lv denied* 91 NY2d 811 [1998]). The remaining issues raised herein have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.