■ In the Matter of the Claim of LINDA DANGLER, Appellant. COMMISSIONER OF LABOR, Respondent. [761 NYS2d 540] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 24, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was a long-time employee as a clinical monitor for a medical laboratory. During the last months of her employment, claimant was required to work overtime and take work home, but was allegedly never able to complete her assignments, a situation which she claimed caused her to suffer from anxiety and physical ailments forcing her to quit her job. Claimant's application for unemployment insurance benefits was initially denied, but that denial was overruled by decision of an Administrative Law Judge after an evidentiary hearing. Thereafter, the Unemployment Insurance Appeal Board annulled the Administrative Law Judge's determination and found that claimant had voluntarily left her employment for personal and noncompelling reasons.

In a December 24, 2001 statement to a Department of Labor employee, claimant informed the Department that she was not advised to quit her job by her primary care physician who was treating her for the physical ailments caused by the job-related stress. Relying on that statement, the Board found claimant's February 25, 2002 hearing testimony, that she was medically advised to quit her job, incredible and gave no weight to her doctor's February 19, 2002 letter that stated that he supported

her decision to quit (*see Matter of Soto [Commissioner of Labor]*, 284 AD2d 851 [2001]). Moreover, the record indicates that claimant never pursued any employer supported program, e.g., personal leave or counseling, to deal with her stress-related physical symptoms. These facts provide substantial evidence supporting the Board's decision that claimant voluntarily separated from her employment without good cause (*see Matter of Rainville [Univera Healthcare CNY—Commissioner of Labor]*, 288 AD2d 747 [2001]; *Matter of Maine [Commissioner of Labor]*, 282 AD2d 854 [2001]).

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.