■ In the Matter of the Claim of CHRISTINE L. RAHN, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 229] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 14, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a part-time custodian for the employer. Shortly after she returned from her maternity leave, claimant's work hours were reduced and rescheduled, causing a conflict with the work schedule of her second part-time job for a different employer. This scheduling conflict would require claimant to resign from her second job which, she testified, left her with insufficient income to afford the cost of child care. When the employer declined to modify her schedule, claimant resigned. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits on the ground that her reasons for quitting her job were personal and noncompelling. Claimant appeals.

In general, a claimant's dissatisfaction with a job's scheduled work hours may not constitute good cause for leaving employment (*see Matter of Sampica [Commissioner of Labor]*, 252 AD2d 702, 703 [1998]), nor may a reduction in the number of work hours (*see Matter of Blankenship [Commissioner of Labor]*, 282 AD2d 861, 862 [2001]), particularly in cases, such as the instant matter, where the claimant was informed at the time of hiring that the scheduled work hours were subject to change

(*see Matter of Orlik [Commissioner of Labor]*, 257 AD2d 837 [1999]). It has also been held that dissatisfaction with one's work schedule because it conflicts with the time requirements of a second job may not constitute good cause for resigning (*see id.* at 837). Given the circumstances presented, we conclude that the Board's decision, finding that claimant left her employment without good cause, is supported by substantial evidence and, accordingly, it will not be disturbed (*see Matter of Nyack [Commisssioner of Labor]*, 304 AD2d 1002 [2003]). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.