■ In the Matter of the Claim of SUSAN DONNELLY, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 211] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 31, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked for the employer, MCI WorldCom, as the sales manager of its wireless division. Claimant testified that she experienced work-related stress due to certain questionable business practices perpetrated by the employer, including frequent billing errors, and her concern regarding their potential impact upon her business reputation. She was also concerned that business was declining and layoffs appeared imminent. According to claimant, the resulting stress manifested itself in physical maladies, including insomnia, frequent upper respiratory infections and pneumonia. Claimant's treating physician advised her to take some time off from work; however, she chose to resign. The Unemployment Insurance Appeal Board ruled that claimant's reasons for resigning were personal and noncompelling, thereby disqualifying her from the receipt of unemployment insurance benefits. Upon reconsideration, the Board adhered to this decision, giving rise to this appeal.

Substantial evidence supports the Board's ruling that claimant voluntarily separated from her employment without good cause (*see Matter of Dangler [Commissioner of Labor]*, 306 AD2d 790 [2003]). An allegedly work-related physical or mental disorder may not constitute good cause for leaving employment unless evidence is presented demonstrating that the claimant's resignation was medically necessary or, at the very least, was undertaken upon the advice of a physician (*see Matter of Mer-*

*cier [Commissioner of Labor]*, 296 AD2d 761 [2002]). No such showing was made here. In addition, claimant's disagreement with the employer's business practices was appropriately found not to constitute good cause for leaving her employment (*see Matter of Dunster [Commissioner of Labor]*, 304 AD2d 1015 [2003]; *Matter of Kunzler [Hudson Guild—Commissioner of Labor]*, 297 AD2d 846, 847 [2002]). As substantial evidence supports the Board's decision that claimant left her employment for personal and noncompelling reasons, it will not be disturbed.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.