Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 20, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant resigned from her employment in the take-out food department at a grocery store for personal and noncompelling reasons. Claimant testified that on the last day of her employment, she developed a migraine headache caused by her coworkers who were in the habit of gossiping about her and ridiculing her. She left the store during her break to go home for migraine medication and never returned.
It is well settled that a claimant’s inability to get along with coworkers does not necessarily constitute good cause for leaving employment (see Matter of Mullen [Commissioner of Labor], 301 AD2d 936 [2003]; Matter of Cioffi [Commissioner of Labor], 297 AD2d 854 [2002]). This may be true even if such on-the-job conflict gives rise to physical symptoms. Claimant testified that certain stress-related ailments that she suffered due to the hostility of her coworkers (e.g., headaches and stomachaches) compelled her to seek treatment from a psychologist. This does not, however, render her resignation any the less voluntary, as hearing testimony disclosed that claimant’s psychologist never advised her to resign (see Matter of Dunster [Commissioner of Labor], 304 AD2d 1015 [2003]). Claimant’s further assertion that she did not quit her job but was discharged from her employment presented an issue of credibility for resolution by the Board (see Matter of Fradys [Commissioner of Labor], 308 AD2d 672 [2003]).
*879 Whether to grant a request to reopen lies within the discretionary power of the Board and we find no abuse of the Board’s discretion here (see Matter of Otto [Olympia Sports — Commissioner of Labor], 290 AD2d 891 [2002]). The remaining issues raised by claimant have been examined and found to be unpersuasive.
Cardona, EJ., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.