■ In the Matter of the Claim of ROSEMARY A. IZZO, Appellant. COMMISSIONER OF LABOR, Respondent. [768 NYS2d 841]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 15, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant voluntarily left her employment as a checkout manager with a discount store without good cause. The record establishes that for the 10-year duration of her employment with the discount store, she had worked the same 7:30 A.M. to 4:00 P.M. shift. When her schedule was suddenly changed without any advance notice, claimant left her employment offering no particular reason for being unable to accept the new schedule other than it did not coincide with her availability and the unilateral schedule change was against company policy. Absent a compelling reason, an employee's preference for a particular work schedule does not constitute good cause for leaving employment (*see Matter of Marcheschi [Commissioner of Labor]*, 306 AD2d 613, 614 [2003]; *Matter of Partlow [Sweeney]*, 234 AD2d 846, 847 [1996]). Although claimant indicated for the first time on appeal to the Board that her limited availability was due to the need to care for her mentally ill adult child, she failed to bring this to the attention of the employer prior to resigning (*see Matter of Mullen [Commissioner of Labor]*, 301 AD2d 936, 936 [2003]; *Matter of Chereshnev [Commissioner of Labor]*, 296 AD2d 804, 805 [2002]) nor did she disclose it to the local unemployment insurance office or at the hearing. Under these circumstances, we find no reason to disturb the Board's decision.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.