■ In the Matter of the Claim of MARILYN A. MALLIMO, Appellant. COMMISSIONER OF LABOR, Respondent. [775 NYS2d 612]—

---

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 18, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a transcriptionist for a medical office, quit her part-time employment when her at-home hours were reduced. Due to the fluctuation in work, the employer could no longer provide claimant with 10 hours of at-home work as previously anticipated, but claimant could have maintained her hours by working in the office. Under these circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant voluntarily left her employment without good cause when continuing work was available (*see Matter of Rahn [Commissioner of Labor]*, 308 AD2d 629 [2003]; *Matter of Blankenship [Commissioner of Labor]*, 282 AD2d 861, 862 [2001]). Furthermore, although the office manager instructed claimant to speak to the payroll manager about one of claimant's paychecks being withheld due to an overpayment the prior week, claimant failed to protect her employment by following the office manager's instructions or contacting the employer directly before quitting (*see generally Matter of Huntington [Commissioner of Labor]*, 295 AD2d 736 [2002]). Because claimant indicated that she was separated from employment due to lack of work when she was aware that continuing work was available, the Board's decision of willful misrepresentation will not be disturbed.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.