■ In the Matter of the Claim of MARLIES M. CAPOBIANCO, Appellant. COMMISSIONER OF LABOR, Respondent. [776 NYS2d 523]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 30, 2003, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant voluntarily left her employment without good cause. The record establishes that claimant was employed at a temporary employment agency and assigned a two-week receptionist job. Claimant expressed her dissatisfaction with the assignment to the employer. The following day, the client notified the employer that claimant failed to report to work as scheduled. Upon reaching claimant at home and hearing her proffered excuse, i.e., that she forgot to contact the employer about going to the bank before work, the employer's personnel manager told claimant not to report to work and that there would be no further assignments for her. It is well settled that general dissatisfaction with the nature of one's employment does not constitute good cause for leaving employment (*see Matter of Papaleo [Commissioner of Labor]*, 250 AD2d 895 [1998], *lv denied* 92 NY2d 807 [1998]; *Matter of Melito [KZ Personnel—Sweeney]*, 236 AD2d 773 [1997]). Although claimant maintains that she was fired and informed the employer that she was running late and tried, without success, to comply with the employer's call in policy, the differing version of the events presented a credibility issue which the Board was free to resolve in the employer's favor (*see Matter of Ebisike*

*[Commissioner of Labor]*, 306 AD2d 777 [2003], *lv denied* 100 NY2d 514 [2003]). Inasmuch as the record provides substantial evidence to support the Board's decision, it will not be disturbed (*see Matter of Rowe [Commissioner of Labor]*, 4 AD3d 663 [2004]). Because claimant falsely indicated that her separation from employment was due to lack of work, the Board's assessment of a recoverable overpayment of benefits and forfeiture of future benefit days is supported by substantial evidence (*see Matter of Bracci [Commissioner of Labor]*, 298 AD2d 823 [2002]).

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.