■ In the Matter of the Claim of HOWARD B. PEAKE, Appellant. COMMISSIONER OF LABOR, Respondent. [777 NYS2d 772]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed February 28, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant began working for the employer as a sales manager and service technician in February 1997. During the summer of 2002, he became dissatisfied when the employer restricted the use of his company cell phone to walkie-talkie mode, precluding him from using it to contact his family. The employer was experiencing various problems with claimant's work during this time. On August 1, 2002, claimant did not work but abruptly surrendered his cell phone, indicating that the employer would "hear from [him]." When he tried to report to work thereafter, he was prevented from entering the employer's premises and was given his final paycheck on August 6, 2002. Claimant's application for unemployment insurance benefits was denied and the denial was upheld by an Administrative Law Judge, who found, following a hearing, that claimant had voluntarily left his employment without good cause. The Unemployment Insurance Appeal Board upheld this decision, resulting in this appeal.

We affirm. It is well settled that dissatisfaction with working conditions (*see Matter of Fierro [Commissioner of Labor]*, 306 AD2d 672, 673 [2003]; *Matter of Chereshnev [Commissioner of Labor]*, 296 AD2d 804, 805 [2002]) or quitting in anticipation of discharge (*see Matter of Shabbir [Sweeney]*, 242 AD2d 820, 820 [1997]) do not constitute good cause for leaving one's employment. Although claimant denied that he quit and testified that he was fired by the employer because he was involved in an automobile accident and had knowledge of certain alleged illegal activities, this presented an issue of credibility for the Board to resolve (*see Matter of Cieslewicz [Commissioner of Labor]*, 1 AD3d 878, 878 [2003]). Inasmuch as substantial evidence supports the Board's decision, we find no reason to disturb it.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.