■ In the Matter of the Claim of TANYA M. HOBSON-WILLIAMS, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 530]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 21, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as an associate attorney at a law office from April 1, 2001 until August 7, 2001. During her tenure, she was absent from work on numerous occasions. Ultimately, her employer advised her that the employment arrangement was not working because she was taking too much time off. Claimant agreed and asked when he would like her to leave. The employer offered claimant the opportunity to stay until she found another job. Claimant, however, advised that she had been summoned for jury duty and would not be returning to work after jury duty was concluded. In her application for unemployment insurance benefits, claimant represented that she had been fired. The Unemployment Insurance Appeal Board subsequently disqualified her from receiving benefits on the ground that she voluntarily left her employment without good cause. Finding that she had made a willful misrepresentation to receive benefits, the Board charged claimant with a recoverable overpayment in the amount of $1,215 and reduced her right to receive future benefits by eight effective days. Claimant appeals.

We affirm. It is well settled that quitting work in anticipation of eventual discharge (see Matter of Santiago [Commissioner of Labor], 308 AD2d 674 [2003]; Matter of Bradley [Hudacs], 190 AD2d 949, 950 [1993]) or when continuing work is available (see Matter of Mallimo [Commissioner of Labor], 6 AD3d 1017, 1018 [2004]) does not constitute good cause for leaving employment. Given claimant's admission that, although she and the employer agreed that the employment relationship was not working and she would need to find another job, she declined the employer's offer of continued work, substantial evidence supports the Board's finding that she voluntarily left her job. Likewise, the Board's finding that claimant made a willful misrepresentation to obtain benefits is supported in the record inasmuch as she informed the Department of Labor that she had been fired when, in fact, she had left her job (see Matter of Bracci [Commissioner of Labor], 298 AD2d 823, 824 [2002]; Matter of Abadi [Levine], 53 AD2d 768 [1976]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.