In the Matter of the Claim of JEREMY ARBITALJACOBY, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 721]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 13, 2003, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a sales representative for an ice cream distributor from June 6, 2002 to August 13, 2002. He resigned from his position after he was threatened by a customer while assisting in the repossession of a freezer. Claimant was also dissatisfied with his compensation and maintained that he was not paid the weekly salary of $500 plus commissions which had been agreed. His claim for unemployment insurance benefits was denied on the ground that he voluntarily left his employment without good cause and this determination was upheld by an Administrative Law Judge and later the Unemployment Insurance Appeal Board. Claimant appeals.

We affirm. While fear for one's safety may constitute good cause for leaving employment (*see Matter of Lyman [National Tractor Trailer School—Sweeney]*, 247 AD2d 812, 812 [1998]; *Matter of Hughes [Hartnett]*, 198 AD2d 647, 648 [1993], *lv denied* 83 NY2d 751 [1994]), general dissatisfaction with working conditions, including salary, does not (*see Matter of Giovati [Commissioner of Labor]*, 4 AD3d 598, 598 [2004]; *Matter of Luta [Commissioner of Labor]*, 305 AD2d 786, 787 [2003]). Here, although claimant placed much emphasis on the customer's threatening conduct as the reason for his resignation, he conceded that this incident was the precipitating event which led him to end an already existing unhappy employment situation. He stated that he was not paid the salary agreed and did

not like the way the business was managed. Inasmuch as the evidence indicates that claimant left his job for personal and noncompelling reasons, we find no reason to disturb the Board's decision.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.