■ In the Matter of the Claim of PAUL LEONETTI, Appellant. COMMISSIONER OF LABOR, Respondent. [782 NYS2d 155]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 7, 2003, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant resigned from his teaching position following an incident in which he felt the assistant principal undermined his authority by returning an unruly student to his classroom after he had sent the student to the Dean's office, causing disruption among the other students. Claimant was also dissatisfied with the number of classes he was assigned to teach. Following an initial determination disqualifying claimant from receiving unemployment insurance benefits on the ground that he voluntarily left his employment without good cause, an Administrative Law Judge granted him benefits after a hearing. The Unemployment Insurance Appeal Board, however, reversed this decision and reinstated the initial determination. On its own motion, the Board reconsidered its prior decision and again found that claimant was disqualified from receiving benefits. Claimant now appeals.

We affirm. Initially, we note that dissatisfaction with one's work schedule or assignments (see Matter of Giovati [Commissioner of Labor], 4 AD3d 598, 598 [2004]; Matter of Florio [Commissioner of Labor], 3 AD3d 776, 777 [2004]), as well as the employer's method of operation (see Matter of Dunster [Commissioner of Labor], 304 AD2d 1015, 1015 [2003]), does not constitute good cause for leaving one's employment. Since claimant resigned for these reasons, substantial evidence supports the Board's decision disqualifying him from receiving benefits. Moreover, we find no merit to claimant's assertion that the decision made after reconsideration should have been by different members of the Board. The Board may, as it did here, reconsider a decision upon its own motion (see Labor Law § 534; 12 NYCRR 463.6), and there is no requirement that it be composed of members other than those who made the original decision (see 12 NYCRR 460.3, 463.6).

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.