■ In the Matter of the Claim of Donna D. Erno, Appellant. Commissioner of Labor, Respondent. [782 NYS2d 143]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 20, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as the unit manager of a nursing home and worked from 9:30 A.M. to either 4:00 P.M. or 5:00 P.M. at the employer's premises, and the rest of the time at home. The employer permitted her to work such hours to accommodate her child care responsibilities. When claimant's position was eliminated, the employer offered her the position of staff coordinator, but would not allow her to work the same hours. As a result, claimant declined the position and her employment ended. She applied for unemployment insurance benefits and represented on her application that she had lost her employment due to lack of work. Although she was initially awarded benefits, the Commissioner of Labor issued a redetermination, subsequently upheld by the Unemployment Insurance Appeal Board, that she was disqualified from receiving benefits because she voluntarily left her employment without good cause. It also found that she had made a willful misrepresentation to obtain benefits and charged her with a recoverable overpayment as well as reduced her right to receive future benefits. Claimant appeals.

We affirm. "Absent a compelling reason, an employee's preference for a particular work schedule does not constitute good cause for leaving employment" (*Matter of Izzo [Commissioner of Labor]*, 2 AD3d 1259, 1259 [2003] [citations omitted]; *see Matter of Marcheschi [Commissioner of Labor]*, 306 AD2d 613, 614 [2003]). Here, claimant admitted that she did not accept the new position because the work hours were different from her former position, and the Administrative Law Judge found her testimony regarding her reason for refusing the change in work schedule to be incredible and unpersuasive (*see Matter of McCaffery [Commissioner of Labor]*, 264 AD2d 893, 894 [1999]). Under these circumstances, substantial evidence supports the

Board's finding that she voluntarily left her employment without good cause. Furthermore, to the extent that claimant acknowledged that continuing work was available, but stated on her application that she lost her job due to lack of work, substantial evidence also supports the Board's finding of willful misrepresentation (*see Matter of Mallimo [Commissioner of Labor]*, 6 AD3d 1017, 1018 [2004).

Spain, J.P., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.