■ In the Matter of the Claim of JAMES V. SANGIORGIO, Appellant. COMMISSIONER OF LABOR, Respondent. [785 NYS2d 611]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 23, 2003, which, upon resettlement, inter alia, ruled that claimant was disqualified from receiving

unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant held a full-time position at an automotive dealership with major responsibilities for providing valet and loaner car service to customers, managing inventory and traveling to other dealerships to make car swaps. In November 2002, he requested and was granted permission to work part time. Beginning in January 2003, his hours were reduced to half, he was paid the same hourly rate that he received when he worked full time and his duties were limited to making vehicle swaps. Claimant reported to work on February 3, 2003 and made a vehicle swap. When he returned from this assignment, the sales manager informed him that there was no work for him on February 4, 2003, but that he would call claimant on that date to advise if there was available work the following day. When the sales manager called claimant on February 4, 2003 to advise that he had a vehicle swap for claimant to handle, claimant declined it, indicating that he had already applied for unemployment insurance benefits. Claimant's application was ultimately denied by the Unemployment Insurance Appeal Board on the ground that he voluntarily left his employment without good cause. He was also charged with a recoverable overpayment of benefits and his right to receive future benefits was reduced based upon his having made a willful misrepresentation. He now appeals.

We affirm. It is undisputed that claimant left his job while continuing work was available and, therefore, he was disqualified from receiving unemployment insurance benefits under Labor Law § 593 (1) (*see Matter of Hobson-Williams [Commissioner of Labor]*, 10 AD3d 749, 750 [2004]; *Matter of Mallimo [Commissioner of Labor]*, 6 AD3d 1017, 1018 [2004]). Claimant requested the change in his work hours and there is no indication that the other terms of his employment were altered so dramatically as to warrant his departure. Furthermore, inasmuch as claimant inaccurately stated that he left his employment due to a lack of work, he made a willful misrepresentation to obtain benefits (*see Matter of Erno [Commissioner of Labor]*, 10 AD3d 838 [2004]; *Matter of Florio [Commissioner of Labor]*, 3 AD3d 776, 777 [2004]). Because substantial evidence supports the Board's decision, we decline to disturb it.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.