■ In the Matter of the Claim of SHERWIN J. CHERRY, Appellant. COMMISSIONER OF LABOR, Respondent. [794 NYS2d 502]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 20, 2004, which, inter alia, ruled that

claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

From September 9, 2002 until September 20, 2002, claimant worked as a mail room clerk for a client to which he had been indefinitely assigned by his employer, a temporary placement agency. According to the employer, claimant left this position because he did not want to accept an offer of permanent employment that the employer expected the client to extend to him. Claimant applied for unemployment insurance benefits for the week ending September 22, 2002 and represented that his employment had ended due to a lack of work. He received benefits through November 17, 2002 totaling $2,592. Following extended proceedings during which the employer contested claimant's receipt of benefits, the Unemployment Insurance Appeal Board ruled that (1) claimant was ineligible to receive benefits from September 16, 2002 through September 22, 2002 because he was not totally unemployed, (2) claimant was disqualified from receiving benefits after September 22, 2002 because he voluntarily left his employment without good cause, (3) claimant was liable for a recoverable overpayment of benefits pursuant to Labor Law § 597 (4), and (4) claimant's right to receive future benefits was reduced because he made a willful misrepresentation. Claimant now appeals.

Initially, we note that quitting a job due to dissatisfaction with a work assignment does not constitute good cause for leaving employment (*see Matter of Leonetti [Commissioner of Labor]*, 10 AD3d 837, 837 [2004]; *Matter of Capobianco [Commissioner of Labor]*, 7 AD3d 953, 953 [2004]). Here, although claimant testified that he left his job when the assignment ended and was not offered continuing work, contrary testimony was given by the employer's president, thereby presenting an issue of credibility for the Board to resolve (*see Matter of Johnson [Commissioner of Labor]*, 10 AD3d 841 [2004]; *Matter of Peake [Commissioner of Labor]*, 8 AD3d 743, 744 [2004]). Moreover, claimant worked during the week ending September 22, 2002 and was, therefore, not totally unemployed the first week that he sought benefits (*see* Labor Law § 591 [1]). Furthermore, given claimant's statement on his application that he lost his employment due to a lack of work, substantial evidence supports the Board's finding that he made a willful misrepresentation to obtain benefits (*see Matter of Mallimo [Commissioner of Labor]*, 6 AD3d 1017, 1018 [2004]; *Matter of Altman [Commissioner of Labor]*, 3 AD3d 658, 659 [2004]). Upon reviewing the record, we find no reason to disturb the Board's decision.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.