■ In the Matter of the Claim of JAIME C. ADORISIO, Appellant. COMMISSIONER OF LABOR, Respondent. [794 NYS2d 500]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 25, 2004, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as an office clerk for a beer distributor. Her scheduled days off were Tuesday and Sunday. Due to complaints about claimant's work, her supervisor wished to change claimant's days off so that she worked on Tuesday, but not on Saturday. Claimant was unhappy about this work schedule change because she wanted to enroll in a class that was held on Tuesday. When she met with her supervisor to discuss the matter, a disagreement ensued which resulted in claimant leaving her supervisor's office, claiming that she had been fired. Claimant was initially granted unemployment insurance benefits, but was subsequently disqualified on the ground that she voluntarily left her employment without good cause. She was also charged with a recoverable overpayment of benefits and her right to receive future benefits was reduced on the basis that she made a willful misrepresentation. Claimant appeals.

We affirm. It is well settled that neither dissatisfaction with one's work schedule (*see Matter of Leonetti [Commissioner of Labor]*, 10 AD3d 837, 837 [2004]) nor a desire to attend school (*see Matter of Jones [Commissioner of Labor]*, 9 AD3d 777, 777 [2004]) constitutes good cause for leaving one's employment. Although claimant maintained that she was fired from her position, her supervisor denied this, stating that she merely wished to change claimant's hours. This conflicting testimony presented a question of credibility for the Board to resolve (*see Matter of*

*Ebisike [Commissioner of Labor]*, 306 AD2d 777, 777 [2003], *lv denied* 100 NY2d 514 [2003]; *Matter of Lester [Commissioner of Labor]*, 306 AD2d 666 [2003]). Furthermore, we find no reason to disturb the Board's finding that claimant made a willful misrepresentation inasmuch as she stated that she was fired even though continuing work was available (*see Matter of Maricle [Commissioner of Labor]*, 16 AD3d 739, 740 [2005]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.