■ In the Matter of the Claim of ELEANOR J. MURRAY, Appellant. TEAM JO-ANN, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [839 NYS2d 269]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 28, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked for a fabric store for approximately 1½ years. She started as a sales associate earning $7.50 per hour, progressed to a seasonal supervisor earning $12 per hour and was ultimately promoted to a team leader earning $32,000 per year. In October 2004, her salary was increased to $38,000 per year as the result of a competitive job offer. In October 2005, she resigned from her position after she did not receive a raise that had allegedly been promised to her. She applied for unemployment insurance benefits, but the Unemployment Insurance Appeal Board ruled that she was disqualified from receiving them because she voluntarily left her employment without good cause. Claimant appeals.

Initially, we note that a claimant's general dissatisfaction with working conditions, including salary, has been held not to constitute good cause for leaving employment (see Matter of Arbitaljacoby [Commissioner of Labor], 10 AD3d 760, 760 [2004]; Matter of Luta [Commissioner of Labor], 305 AD2d 786, 787 [2003]). In the case at hand, claimant testified that she was unhappy with the long hours that she had to work during the summer of 2005 necessitated by the shortage of staff, and that she resigned in October 2005 after she was denied a salary increase that she claims had been promised to her the previous October. Claimant's manager stated that he did not recall promising claimant a salary increase and had no record of such

a promise, and the Board was entitled to credit his testimony over claimant's (see Matter of Kanela [Commissioner of Labor], 21 AD3d 632, 633 [2005]). In any event, the proffered reason for claimant's resignation would not entitle her to benefits (see Matter of Feliciano [Commissioner of Labor], 39 AD3d 1115 [2007]; Matter of Hughes [Commissioner of Labor], 37 AD3d 966 [2007]).

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.