■ In the Matter of the Claim of LINDA CRANDALL-MARS, Appellant. COMMISSIONER OF LABOR, Respondent. [850 NYS2d 692]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 31, 2006, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as an administrator for the employer from 1995 until June 13, 2006. On that day, claimant and her supervisor argued about claimant's allegedly poor behavior and attitude. During the course of the argument, claimant complained about the way the supervisor treated her, and the supervisor responded by telling claimant that she could leave if she was unhappy. As a result, claimant packed her personal items, left work and did not return.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. A personality conflict with one's supervisor does not necessarily constitute good cause for leaving one's employment (*see Matter of Gully [Commissioner of Labor]*, 8 AD3d 792, 793-794 [2004], *lv denied* 4 NY3d 701 [2004], *cert denied* 546 US 1097 [2006]; *Matter of Krokos [Hudacs]*, 184 AD2d 871 [1992]), nor does general dissatisfaction with one's working conditions (*see Matter of Murray [Team Jo-Ann, Inc.—Commissioner of Labor]*, 41 AD3d 1023, 1023 [2007]; *Matter of Logghe [BWIA W. Indies Airways Ltd.—Commissioner*

*of Labor]*, 39 AD3d 1003, 1004 [2007]). The conflicting testimony regarding the manner in which claimant ended her employment created a credibility issue for the Board to resolve (*see Matter of De Ruby [Commissioner of Labor]*, 10 AD3d 757 [2004]). Under the circumstances presented here, we cannot disagree with the Board's determination that claimant quit her work for personal and noncompelling reasons.

Mercure, J.P., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.