■ In the Matter of the Claim of CHRIS R. IKEHARA, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 224] —Appeal from a decision of the Unemployment

Insurance Appeal Board, filed May 8, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant contended that he was forced to take a leave of absence due to work-related stress caused in part by his poor working relationship with a temporary co-worker. He admitted, however, that he failed to give advance notice of the leave and that he did not refer to his union contract concerning the procedure for requesting such a leave. Claimant also acknowledged that he did not respond to the employer's requests by letter and phone messages to return to work. The employer concluded that claimant had abandoned his job and accordingly terminated his employment.

Whether an employee has good cause for leaving employment is a question of fact for the Unemployment Insurance Appeal Board to resolve (see, Matter of Colavito [Hartnett], 180 AD2d 883). Given the facts of this case, there is substantial evidence to support the Board's conclusion that claimant left his job under disqualifying conditions (see, Matter of Harris [Hartnett], 178 AD2d 887; Matter of Williams [Levine], 50 AD2d 683). In reaching this conclusion, we note that claimant conceded that he received no medical attention for his stress (see, Matter of Coulote [Hartnett], 169 AD2d 861). In addition, a conflict with a co-worker is not a compelling reason to leave employment (see, Matter of Hogan [Schenectady Discount Corp. —Levine], 50 AD2d 650).

Mikoll, J. P., Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.