■ In the Matter of the Claim of W. PARKER ORMEROD, Appellant. HONDA OF KINGSTON, Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [661 NYS2d 878] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 6, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant resigned from his position as the business manager of an automobile dealership, concerned that what he perceived as an alleged price-fixing scheme between his employer and another car dealership might subject him to criminal liability. Claimant accordingly notified the Federal Trade Commission and then tendered his resignation. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he left his employment for noncompelling reasons. We affirm. Regardless of whether a price-fixing scheme existed (an issue that the Board expressly did not decide), there is substantial evidence in the record to support the Board's conclusion that claimant was not exposed to criminal liability and that he failed to pursue available options to preserve his employment but merely quit instead. The conflict in the testimony given by claimant and that presented by the employer raised issues of fact and credibility for resolution by the Board (*see, Matter of Drechsler [Bretton Woods Homeowners Assn.—Hudacs]*, 197 AD2d 739). We conclude that substantial evidence supports the determination that claimant left his employment under disqualifying circumstances (*see, Matter of Fumia [Nothnagle Home Sec.—Sweeney]*, 222 AD2d 923, 924).

Mercure, J. P., Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.