▇ In the Matter of the Claim of RICHARD S. REDLO, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [665 NYS2d 726] —Yesawich Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 31, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as an Assistant Attorney-General with the State Department of Law, a position he held for approximately 15 years. In November 1994, a new Attorney-General was elected and claimant, a professional employee who was appointed by and served at the pleasure of the Attorney-General, was notified by letter dated January 11, 1995 that he would be required to reapply for a position with the Department of Law. The letter stated that claimant could indicate his interest in any other position in the Department of Law and cautioned that a failure to reapply for a position would be interpreted as a resignation from employment.

Claimant subsequently wrote to the new Attorney-General stating that, because of deep philosophical differences he had with the new administration, he could not in good conscience reapply for a position. Claimant admitted at the hearing, however, that while serving under the new Attorney-General, he had not been asked to do anything contrary to his beliefs. He advised the new Attorney-General that he would continue to work until the end of business on February 22, 1995. The new Attorney-General responded by accepting what he characterized as claimant's letter of resignation.

Given the circumstances presented, there is no reason to

disturb the Unemployment Insurance Appeal Board's decision disqualifying claimant from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. The issue of whether an employee has good cause for leaving his or her employment is a factual one for the Board to resolve (*see, Matter of Ikehara [Hudacs]*, 196 AD2d 911, 912). The Board in this case was not required to accept claimant's assertion that his conscience and ethical considerations constituted good cause for resigning from his position; it was free to conclude that claimant's conduct was driven solely by noncompelling personal reasons (*see, Matter of Miller [Levine]*, 37 AD2d 873, *lv denied* 29 NY2d 489). Furthermore, because claimant failed to request alternate work that would accommodate his policy differences, the record supports the Board's conclusion that claimant failed to take appropriate steps to preserve his employment (*see generally, Matter of Ormerod [Honda of Kingston—Sweeney]*, 242 AD2d 804).

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.