■ In the Matter of the Claim of ANNE B. FLAHERTY, Appellant. COMMISSIONER OF LABOR, Respondent. [719 NYS2d 783] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 10, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a certified vocational rehabilita-

tion counselor for an insurance company which required her to evaluate disability claims on behalf of her employer with an eye toward moving persons off disability status. About seven weeks after the employer imposed an annual quota requiring that claimant close out an average of 2.5 case files per month (i.e., move 2.5 people off disability status per month) to retain her employment, claimant resigned asserting that such a quota could eventually lead to possible ethics code violations. She also claimed that the position was extremely stressful and caused her to take medication for depression. Significantly, claimant was never instructed to violate any code of ethics. Although she had nearly fulfilled her employer's quota requirement, she testified that she did not believe that she had violated any ethical code during her employment. Under these circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant's resignation was premature and that she voluntarily left her employment for speculative reasons which did not constitute good cause (see, Matter of Turner [Commissioner of Labor], 249 AD2d 612; Matter of Redlo [Sweeney], 244 AD2d 832, lv denied 91 NY2d 809). Furthermore, although claimant was taking antidepressant medication, her physician never advised her to leave her employment (see, Matter of Spaulding [Commissioner of Labor], 264 AD2d 881).

Spain, J. P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.