■ In the Matter of the Claim of MARY L. WEED, Appellant. GREECE CENTRAL SCHOOL DISTRICT, Respondent; COMMISSIONER OF LABOR, Respondent. [783 NYS2d 160]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 12, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a part-time clerk typist for a school district. She resigned from her position following an incident in which she was asked to perform a task she felt was unethical. Specifically, claimant maintained that her supervisor asked her to alter attendance sheets for certain meetings, which were to be sent to the Department of Education, by whiting out the names of individuals who were not in attendance at the meetings. Although displeased with this assignment, claimant made the requested corrections and did not bring the matter to the attention of upper management. After resigning from her position, she applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board denied her application, finding that she voluntarily left her employment without good cause. She now appeals.

We affirm. It is well settled that dissatisfaction with an employer's method of doing business does not constitute good cause for leaving employment (*see Matter of Youshock [Catherwood]*, 28 AD2d 759, 759 [1967]), particularly where an employee has not taken measures to protect his or her employment by notifying management of his or her concerns (*see Matter of Redlo [Sweeney]*, 244 AD2d 832 [1997], *lv denied* 91 NY2d 809 [1998]; *Matter of Youshock [Catherwood], supra* at 759). Here, claimant apparently felt that she was being asked to cover up a forgery of names. Her supervisor, however, testified that she thought it was acceptable to add to the attendance sheets the names of individuals who were not present at the meetings and, after being advised by the employer's regional educational representative that it was not, discontinued this practice. She denied, however, having claimant white out the names on copies of the attendance sheets and stated instead that she directed claimant to submit the original documents, without the added names, to the Department of Education. Inasmuch as the Board could reasonably conclude that claimant was not asked to do anything unethical, and she admittedly neglected to inform upper management of her concerns, substantial evidence supports its finding that she left her employment for personal and noncompelling reasons (*see Matter of Flaherty [Commissioner of Labor]*, 280 AD2d 760 [2001]; *Matter of Redlo [Sweeney], supra*).

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.