■ In the Matter of the Claim of ANTHONY S. PAINO, Appellant. COMMISSIONER OF LABOR, Respondent. [809 NYS2d 692]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 26, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a sales manager for a science supply company from June 1998 until October 2004. He resigned from his position because the nature of his job had changed from a focus on teaching and training to sales. After he left his position, he applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately ruled that he was disqualified from receiving them because he voluntarily left his employment without good cause. Claimant appeals.

We affirm. We note that dissatisfaction with a work assignment does not constitute good cause for leaving employment (*see Matter of Cherry [Commissioner of Labor]*, 18 AD3d 937, 938 [2005]; *Matter of Florio [Commissioner of Labor]*, 3 AD3d 776, 777 [2004]). Claimant stated that the very reason he left

was because his job had dramatically changed, requiring him to become an aggressive salesperson when previously the emphasis was on education and training. While he stated that he thought his supervisors were dissatisfied with his performance based upon evaluations he had received, he was not told that his job was in jeopardy or that he would be discharged. Even if claimant believed his termination was imminent, resigning in anticipation of discharge does not constitute good cause for leaving employment (see Matter of Lokensky [Commissioner of Labor], 19 AD3d 973, 974 [2005]; Matter of Hobson-Williams [Commissioner of Labor], 10 AD3d 749, 750 [2004]). Under these circumstances, we find no reason to disturb the Board's decision.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.