■ In the Matter of the Claim of MARIA E. TORRES, Appellant. COMMISSIONER OF LABOR, Respondent. [821 NYS2d 670]—

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed June 8, 2004, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause, and (2) from a decision of said Board, filed July 26, 2005, which denied claimant's application to reopen and reconsider a prior decision.

Claimant, an attorney, was hired by a law firm to manage its immigration practice in the City of White Plains, Westchester County. After only two weeks, she resigned, citing concerns with the manner in which the firm conducted business. Claimant filed an application for unemployment insurance benefits and, after various proceedings, the Unemployment Insurance Appeal Board ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause. The Board adhered to this decision upon reconsideration and denied claimant's subsequent application for reopening and reconsideration. Claimant appeals.

"It is well settled that dissatisfaction with an employer's method of doing business does not constitute good cause for leaving employment, particularly where an employee has not taken measures to protect his or her employment by notifying management of his or her concerns" (*Matter of Weed [Greece Cent. School Dist.—Commissioner of Labor]*, 11 AD3d 873, 874 [2004] [citations omitted]). Here, the managing partner of the firm stated that, prior to her resignation, claimant did not voice any complaints about those issues that were of concern to her. Although claimant gave contrary testimony, this presented a credibility issue for the Board to resolve (*see Matter of Cherry [Commissioner of Labor]*, 18 AD3d 937, 938 [2005]). Thus, regardless of the validity of claimant's concerns, inasmuch as the Board was free to credit testimony to the effect that claimant did not give the firm an opportunity to rectify the

problems before she resigned, substantial evidence supports the Board's finding that she left her job for personal and noncompelling reasons.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decisions are affirmed, without costs.