■ In the Matter of the Claim of RANDY P. STEWART, Appellant. COMMISSIONER OF LABOR, Respondent. [852 NYS2d 408]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 13, 2006, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked for the employer as a car salesperson and sales manager for approximately two years, until May 2006, when he left his employment citing concerns regarding certain practices that were allegedly occurring at the dealership. Claimant thereafter filed an application for unemployment insurance benefits. The Unemployment Insurance Appeal Board determined that claimant was disqualified from receiving benefits because he voluntarily quit his job without good cause. Finding that claimant had willfully misrepresented on his benefits application that he had been fired by the employer, the Board also charged him with a recoverable overpayment and imposed a forfeiture penalty relative to future benefits. Claimant now appeals.

The law is settled that an employee's dissatisfaction with an

employer's method of doing business does not constitute good cause for leaving employment, particularly where the employee has not attempted to protect said employment by notifying the employer about his or her concerns (*see Matter of Torres [Commissioner of Labor]*, 32 AD3d 1093, 1093 [2006], *lvs denied* 8 NY3d 811 [2007], 9 NY3d 861 [2007]; *Matter of Weed [Greece Cent. School Dist.—Commissioner of Labor]*, 11 AD3d 873, 874 [2004]). Here, the record reveals that claimant advised the employer that he was leaving his employment without first affording the employer an opportunity to address his concerns and rectify any actual problems (*see Matter of Torres [Commissioner of Labor]*, 32 AD3d at 1093-1094). Claimant's conflicting testimony created credibility issues for resolution by the Board (*see Matter of Roman [Commissioner of Labor]*, 32 AD3d 1067, 1068 [2006]). Inasmuch as substantial evidence supports the Board's finding that claimant voluntarily separated from his employment without good cause and its determination that claimant made a willful misrepresentation on his benefits application, thereby warranting the charging of a recoverable overpayment and imposition of a forfeiture penalty (*see Matter of Ibrahim [Commissioner of Labor]*, 45 AD3d 1128, 1129 [2007]), we affirm.

Claimant's remaining contentions have been examined and found to be unavailing.

Cardona, P.J., Mercure, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.