■ In the Matter of the Claim of Kevin M. French, Appellant. Town of Lyndon, Respondent; Commissioner of Labor, Respondent. [913 NYS2d 403]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 16, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a driver/operator for the employer for approximately five years before separating from employment in December 2008. Subject to random drug testing, claimant notified his employer in 2007 that he believed it was being performed incorrectly and, as a result, the employer changed the company it used to perform the tests. In December 2008, claimant overheard the town clerk informing his direct supervisor that claimant was scheduled for a random drug test. In response, claimant did not show up for work the following day and, when contacted by the employer, stated that he had quit and did not wish to discuss the matter further. After claimant applied for unemployment insurance benefits, the Department of Labor issued an initial determination disqualifying claimant on the basis that he voluntarily separated from employment without good cause. That determination was ultimately affirmed by the Unemployment Insurance Appeal Board and claimant now appeals.

We affirm. Whether a claimant has voluntarily separated from employment without good cause is an issue of fact to be resolved by the Board, and its decision will not be disturbed when supported by substantial evidence (*see Matter of Garside [Commissioner of Labor]*, 73 AD3d 1420, 1420-1421 [2010]; *Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor]*, 69 AD3d 1156, 1157 [2010]). Dissatisfaction with an employer's method of doing business does not constitute good cause for leaving employment, particularly where the employee did not make a

reasonable attempt to protect employment by notifying the employer about his or her concerns (*see Matter of Crawford [Commissioner of Labor]*, 54 AD3d 1120, 1121 [2008]; *Matter of Stewart [Commissioner of Labor]*, 48 AD3d 873, 873-874 [2008]). Here, a representative of the employer testified that he was unaware that claimant had made any complaints about the drug testing procedures subsequent to 2007, when the employer changed testing companies. The fact that claimant testified that he made verbal complaints and submitted federal regulations to the employer outlining the testing deficiencies raised an issue of credibility to be resolved by the Board (*see Matter of Park [Stanford New York, LLC—Commissioner of Labor]*, 70 AD3d 1097, 1098 [2010]; *Matter of Johnson [Commissioner of Labor]*, 67 AD3d 1228, 1229 [2009]). Finally, we find that the minor gaps in the hearing transcript do not preclude meaningful review of the Board's decision (*see Matter of Mercure [Commissioner of Labor]*, 27 AD3d 857, 858 [2006]).

Claimant's remaining contentions, including the claim that he was improperly denied the right to submit certain evidence, have been reviewed and found to be unpersuasive.

Cardona, P.J., Peters, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.