■ In the Matter of the Claim of MARIA I. FERREIRA, Appellant. COMMISSIONER OF LABOR, Respondent. [922 NYS2d 877]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 15, 2010, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a housekeeper and, since 2000, had been referred to various placements by an employment agency. The agency sent her on an interview for a position in May 2008 and, although claimant was not hired, the prospective employer referred her to a family member. Claimant began working for the family member shortly thereafter, with the knowledge that the latter did not intend to pay the agency's fee. Claimant quit her position six weeks later, apparently upset that the employer refused to pay the agency's fee. Claimant applied for unemployment insurance benefits and the Unemployment Insurance Appeal Board ultimately denied her application on the basis that she had voluntarily separated from her employment without good cause. The Board also charged claimant with a recoverable overpayment of benefits and reduced her right to receive future benefits by eight effective days on the ground that she made a willful misrepresentation to obtain benefits. Claimant now appeals.

We affirm. The determination as to whether a claimant has voluntarily separated from employment without good cause is a factual one to be made by the Board, and its decision will not be disturbed when supported by substantial evidence (*see Matter of French [Town of Lyndon—Commissioner of Labor]*, 79 AD3d 1515 [2010]; *Matter of Garside [Commissioner of Labor]*, 73 AD3d 1420, 1420-1421 [2010]). An employee's dissatisfaction with the employer's method of doing business, a matter which had no apparent negative impact on the employee, does not constitute good cause for leaving employment (*see Matter of French [Town of Lyndon—Commissioner of Labor]*, 79 AD3d at 1515-1516; *Matter of Stewart [Commissioner of Labor]*, 48 AD3d 873, 873-874 [2008]). Here, the Board found that the record did not establish that the employer had acted in an immoral or unethical manner that would justify claimant's decision to leave her employment.

We also reject claimant's contention that she separated from employment on the ground that she was required to perform an illegal or unethical act (*see Matter of Collen [Jennifer C.E. Ajah & Assoc.—Commissioner of Labor]*, 74 AD3d 1644, 1645 [2010]). Even crediting claimant's assertion that the employer asked her to lie to the agency if it discovered how she had obtained the position, claimant testified that she refused to do so and the refusal had no negative impact on her employment. Finally, in light of claimant's admission that when she applied for benefits she represented that she separated from employment due to lack of work when, in fact, she voluntarily resigned, substantial evidence supports the Board's imposition of recoverable

overpayments and forfeiture penalties based upon claimant's willful misrepresentation (*see Matter of Santiago [Commissioner of Labor]*, 69 AD3d 1090, 1091 [2010]; *Matter of Hurley [Commissioner of Labor]*, 67 AD3d 1153, 1154 [2009]).

We have examined claimant's remaining arguments and find them unavailing.

Mercure, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.