Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 7, 2012, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, a registered nurse, worked for a staffing agency that provides nurses to various health care facilities. Claimant had prior experience in psychiatric care and her initial assignment was to a psychiatric hospital where she completed a one-week orientation. Claimant’s first paycheck was not available when she went to the employer’s office to get it because she did not call in advance. Thereafter, she failed to report to her shifts at the psychiatric hospital. Claimant reopened a prior claim for unemployment insurance benefits and received benefits. However, the Department of Labor subsequently determined, among other things, that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. Although this determination was overruled by an Administrative Law Judge following a hearing, the Unemployment Insurance Appeal Board ultimately sustained it. Claimant now appeals.
We affirm. Whether a claimant has voluntarily left employment without good cause is a factual issue for the Board to resolve, and its determination will not be disturbed if supported by substantial evidence (see Matter of Ferreira [Commissioner of Labor], 84 AD3d 1609, 1610 [2011]; Matter of French [Town of Lyndon—Commissioner of Labor], 79 AD3d 1515, 1515 [2010]). Here, claimant testified that she left her job because her paycheck was not ready when she went to retrieve it and she felt that her safety was in jeopardy based upon the protocols the psychiatric hospital followed. As for the first reason for her resignation, evidence was presented that claimant’s paycheck was not ready at the stated time because she did not follow the employer’s protocol and call prior to picking up the check. The employer’s representative stated that if claimant had waited a few minutes, she could have had her check, and claimant admitted that she was, in fact, paid for her work. Claimant also testified that she resigned due to her dissatisfaction with the proce *1363 dure established by the psychiatric hospital for dispensing medication to patients, which prohibited nurses from taking telephone orders and required the presence of a physician, and due to the lack of security personnel. This was at variance with the procedure and staffing that claimant had experienced in other hospitals. Nevertheless, claimant failed to prove that these conditions posed a threat to her safety, and dissatisfaction with a work assignment does not constitute good cause for leaving one’s employment (see Matter of Crawford [Commissioner of Labor], 54 AD3d 1120, 1121 [2008]; Matter of Paino [Commissioner of Labor], 27 AD3d 820, 820 [2006]). Notably, conflicting testimony was adduced at the hearing as to whether claimant notified the employer of her safety concerns or requested a different job assignment, presenting credibility issues for the Board to resolve (see Matter of Gagraj [Highroad Press, LLC—Commissioner of Labor], 62 AD3d 1135, 1136 [2009]). Therefore, we find that substantial evidence supports the Board’s decision and we decline to disturb it.
Peters, P.J., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.